UNITED STATES, Appellee

v

GUILFORD FRED DAVIS, Jr., Electronics Technician
Second Class, U. S. Navy, Appellant

11 USCMA 410, 29 CMR 226

No. 13,575

Decided April 22, 1960

*Captain Frederick D. Clements,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Captain H. H. Brandenburg,* USN.

*Major George M. Lilly,* USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel J. E. Stauffer,* USMC, and *Major Elvin R. Coon, Jr.,* USMC.

ROBERT E. QUINN, Chief Judge:

The accused was brought to trial on charges that he stole various craft tools and model kits from the hobby shop of the Naval Receiving Station, Treasure Island, California, and later attempted to set fire to the shop in order to conceal the theft. Before entry of the accused's plea, defense counsel moved to dismiss the charges on the ground that the accused had been deprived of a speedy trial. The motion was denied. The accused then entered a plea of not guilty to the attempted arson charge and guilty to the larceny specification. The court-martial convicted him of both charges, and imposed a sentence which includes a bad-conduct discharge. On review, the board of review held that the motion to dismiss should have been granted. Relying upon United States v Brown, 10 USCMA 498, 28 CMR 64, it set aside and dismissed the attempted arson charge, but affirmed the findings of guilty on the larceny count on the ground that the accused's plea of guilty constituted a waiver of the right to a speedy trial. The accused petitioned this Court for review of the correctness of the board of review's conclusion that the plea of guilty constituted a waiver of the motion to dismiss. We granted the petition.

Initially, the Government conceded that the board of review misconstrued the holding in the Brown case and that the accused's claim of error was meritorious. Later, it moved to withdraw its concession of error and to file a supplemental brief containing two points. Point "A" argued that the board of review erred in reversing the law officer's denial of the motion to dismiss. In point "B" the Government contended that the statement in the Brown case as to the effect of the plea of guilty on the motion to dismiss is dictum, and, therefore, not binding on the board of review; it urged reconsideration of the. point. Appellate defense counsel interposed no objection to withdrawal by the Government of its concession of error and to the filing of a supplemental brief, insofar as it pertained to point "B"; they objected to inclusion of point

"A" as an indirect attempt by the Government to seek review of the correctness of the board of review's decision, when it was barred by the lapse of time from filing a certificate of review under the provisions of Article 67(b)(2) of the Uniform Code of Military Justice, 10 USC § 867. We denied the motion without prejudice to renewal at the time of oral argument. When the case came on for argument, appellate defense counsel renewed the motion to strike.

The issue presented to us by the petition for grant of review is controlled by the Brown case. There, the accused was charged with two specifications of desertion. He moved to dismiss on the ground that he was deprived of a speedy trial. The motion was denied. Thereupon, the accused pleaded not guilty to the charge, but guilty of the lesser offense of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was convicted of desertion as charged. When the case came to this Court, we divided on whether the law officer applied the correct rule of law in deciding the motion. A majority concluded he had not. We then proceeded to consider the effect of the law officer's error, in the light of the plea of guilty. The authors of the principal and dissenting opinions concluded that a plea of guilty does not bar the right to challenge, on appeal, the denial of the motion to dismiss because of deprivation of a speedy trial. A statement to this effect is specifically set out in the principal opinion. Thus, the board of review was mistaken in its view of the Brown case.

If the board of review is correct in its conclusion that the accused was deprived of the right to a speedy trial, the Brown case requires dismissal of both charges against the accused. However, if as a matter of law, the board of review is wrong in its reversal of the law officer's ruling denying the motion, then its affirmance of the larceny charge must stand, with dismissal of the attempted arson charge a

windfall to the accused, since the Government's time to seek review by a certificate of review has expired. United States v Smith, 8 USCMA 178, 23 CMR 402; United States v Wille, 9 USCMA 623, 26 CMR 403. The latter alternative brings us to the Government's supplemental brief, and appellate defense counsel's motion to strike point "A." Although the Government challenges the correctness of the board of review's action, it does not ask for reversal of its decision and reinstatement of the original verdict of the court-martial. It seeks only to sustain the board of review's decision affirming the larceny charge against the present attack by the accused. In other words, it wants to show that the fact of affirmance of the larceny charge is legally unassailable, although the process of reasoning by which the result was reached by the board of review is wrong. This is a permissible defense to the accused's prayer for affirmative relief. Accordingly, we deny the motion to strike, and turn to the motion to dismiss which was made at the trial.

We begin by noting there is no dispute as to the facts. The facts presented to the law officer were accepted by the board of review as the basis for its conclusion that the accused was denied a speedy trial. The question then is whether the board of review is correct in concluding that the law officer erred as a matter of law in denying the motion to dismiss. This is a legal question which we may properly consider. United States v Kantner, 11 USCMA 201, 204, 29 CMR 17.

Limiting ourselves, for the purposes of this case, strictly to the evidence available to the law officer (see United States v Richard, 7 USCMA 46, 51, 21 CMR 172; cf. United States v Wilson, 10 USCMA 337, 27 CMR 411), the sequence of events is as follows:

December 7, 1958—Offenses committed; accused apprehended in the course thereof; confined in the station brig.

February 13, 1959—Pretrial investigation held.

February 26, 1959—Report of pretrial investigation and allied papers forwarded by Commanding Officer, Naval Receiving Station, to Commandant, 12th Naval District, with a statement that the delay in proceedings was due to "a further investigation."[1]

March 2, 1959—Endorsement on Charge Sheet which shows receipt of sworn charges by Commanding Officer, Naval Receiving Station. (In view of the date on which the charges were forwarded to the Commandant, 12th Naval District, and conceded to be correct, this date must be in error.)

April 14, 1959—The accused requested trial.

April 23, 1959—Charges referred to trial by Commandant, 12th Naval District.

April 24, 1959—Charges formally served by trial counsel upon accused.

April 30, 1959—Case came on for trial.

The total time between the commission of the offenses and the date of trial was 144 days. According to defense counsel's argument, the Commanding Officer of the Receiving Station had officially reported to the Commandant, 12th Naval District, that the delay in completing his report was due to the need for "further investigation." Defense counsel contended that because the accused had given agents of the Office of Naval Intelligence a statement on December 16 and a second statement on December 18,[2] he "doubt[ed] if there was any further investigation after this time." Without evidence to support the defense doubt, there is no justification for disregarding the commander's official report on the reason for his delay. The defense statement of the report, although lacking in the details actually recited in the original, is sufficient to

---

[1] The letter of transmittal was not introduced in evidence. The statement of its contents appears in defense counsel's argument on the motion to dismiss.

[2] The nature of the statements was not disclosed in the argument. They are included in the allied papers and are of a highly incriminatory nature.

support the conclusion that there was no oppressive design or lack of reasonable diligence on the Government's part in the prosecution of the case in the period from December 7 to February 26. United States v Wilson, 10 USCMA 337, 342, 27 CMR 411.

Nothing in the evidence before the law officer shows what steps toward prosecution, apart from the reference of the charges to trial and formal service of the charges upon the accused, were taken by the Government between February 26 and April 30 when the case came on for trial. We take judicial notice, however, that the law officer was aware of, and made some allowance for, the time for receipt of the report by the Commandant of the 12th Naval District from the Commanding Officer of the Naval Station, and the transmittal thereof to his own staff legal officer for recommendation and advice, in accordance with the provisions of Article 34(a) of the Uniform Code, 10 USC § 834. We also recognize that the law officer probably allowed for the minimum period of five days after service of the charges upon the accused, during which, under the Uniform Code, the accused cannot "against his objection, be brought to trial before a court-martial." Article 35, Uniform Code of Military Justice, 10 USC § 835. Just how much time the law officer allowed the Government for these activities we, of course, do not know; nor need we speculate. Suffice it for our purposes to note that the total time, between the forwarding of the charges and the report of investigation to the Commandant of the 12th Naval District for his action and the date of trial, was just over two months. The question is thus reduced to this:

Considering all the circumstances which include the fact of confinement; the nature of the charges; the background of the accused; the necessity for consideration of the charge and the investigation by the staff legal officer and the submission of his recommendations and advice to the convening authority; consideration of the case by the convening authority; reference of the charges to trial;

service of the charges upon the accused by trial counsel; and, finally, passage of the minimum time required by law for bringing on the case after service of the charges, is the accused denied a speedy trial if he is not tried within a period of two months? See United States v Callahan, 10 USCMA 156, 27 CMR 230.

We think not. Unquestionably, pretrial confinement is burdensome. However, the defense does not dispute the validity of the confinement; and the period of confinement is not, in our opinion, so extended as to indicate in any way that the confinement is part of an oppressive design on the part of the Government against the accused. Also, in our opinion, the period is not so long and so free of statutory requirements for the performance of essential preliminary proceedings as to establish, as a matter of law, that there was a lack of reasonable diligence in prosecution. We conclude, therefore, there is ample evidence to support the law officer's ruling denying the defense motion to dismiss because of the purported deprivation of a speedy trial. Thus, the board of review erred, as a matter of law, in holding that the law officer abused his discretion in his ruling.

Before concluding our opinion, it is appropriate to reiterate what we said in United States v Wilson, 10 USCMA 398, 403, 27 CMR 472; when the issue of a speedy trial is raised by way of a motion to dismiss, "the facts necessary to a proper disposition of the question should be incorporated in the record." The allied papers in this case show much more clearly than the evidence presented to the law officer, the actual course of events. All the details should have been presented on the motion to dismiss.

The findings of guilty of larceny and the sentence as approved by the board of review are affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):
I dissent.

By its decision today, the Court ef-

fectively reverses our holding in United States v Brown, 10 USCMA 498, 28 CMR 64, and leaves the law regarding denial of speedy trials in chaotic condition. Moreover in order to attain this result, we have gone beyond the limits of our grant and permitted the Government to reach a basic issue which, because of the lapse of time, it could not certify to us.

The accused pleaded not guilty to a charge of attempted arson, in violation of the Uniform Code of Military Justice, Article 80, 10 USC § 880, and guilty to a charge of larceny, in violation of Code, supra, Article 121, 10 USC § 921. He was found guilty of both offenses, and sentenced to bad-conduct discharge, confinement at hard labor for twelve months, forfeiture of $85.00 per month for a like period, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The board of review concluded that the law officer erred prejudicially in denying accused's motion for dismissal of the charges on the basis that he was not granted a speedy trial. However, it found the error was partially purged by accused's plea of guilty to larceny. Accordingly, it dismissed the attempted arson charge, but affirmed the findings of guilty of larceny, appropriately reassessing the sentence. We granted review on the narrow issue whether the accused's right to a speedy trial was waived by his subsequent plea of guilty.

My brothers conclude that accused's plea did not have this effect. With this proposition, I have no disagreement, for both Judge Latimer and I expressed that belief in our separate opinions in United States v Brown, supra. However, the author of the principal opinion probes beyond our grant in order to determine whether the board of review, as a matter of law, erred in concluding that the law officer ruled improperly on accused's motion. It is in this area that my views sharply diverge from those of my brothers, and an examination of the record will serve to demonstrate the basis for my inability to join them.

At the commencement of his trial, the accused moved for dismissal of the charges on the basis that he had been denied his right to a speedy prosecution. He pointed out that both offenses were alleged to have been committed on December 7, 1958. They consisted of the larceny of various items from the base hobby shop and the attempted destruction of the premises by fire in order to destroy any evidence against him. Accused was apprehended in the midst of his preparations for the burning and immediately confined. On December 16, 1958, he confessed his guilt. On December 18, he enlarged upon that confession after an adverse polygraph examination disclosed he specifically intended to commit arson. Significantly, the same examination established his innocence concerning two other suspicious fires which occurred on the same naval station.

The pretrial investigation of the charges was held on February 13, 1959. The subsequent report was forwarded to the officer exercising general court-martial jurisdiction, with a notation that the delay was occasioned by "further investigation," and remained in that officer's control for two months prior to its reference for trial on April 23, 1959. The trial counsel stipulated to the accuracy of the above-mentioned dates and periods of time. However, he argued that the motion should be denied, as defense had not demonstrated wherein the pretrial delay prejudiced him. The law officer denied the motion.

In United States v Brown, supra, the accused was confined on April 13, 1958, upon the termination of his absence without leave at a station other than the one to which he was assigned. On April 25, 1958, he was transferred to his home station for disposition. On the same day, charges were preferred. These were received by the convening authority and referred for trial on June 12, 1958. His hearing before a general court-martial opened on July 23, 1958. The law officer denied a motion for dismissal of the charges, predicated upon the denial of a speedy trial, upon the ground that accused had failed to show wherein the delay caused him harm. In that case, we said, at page 503:

"From these provisions [Code, su-

**415**

pra, Articles 10, 33, and 98, 10 USC §§ 810, 833, 898], read in the light of the intent of Congress as ascertained from the views of the framers of the Code, set out in our opinion in United States v Hounshell, supra [7 USCMA 3, 21 CMR 129], it is clear that whenever it affirmatively appears that officials of the military services have not complied with the requirements of Articles 10 and 33, supra, and the accused challenges this delict by appropriate motion, then, *the prosecution is required to show the full circumstances of the delay.* Of course, an accused is not automatically entitled to a dismissal of all charges against him. *Rather, the law officer must decide, from all the circumstances, whether the prosecution has proceeded with 'reasonable dispatch.'* [Emphasis supplied.]

We also declared that the law officer's ruling must be predicated upon the exercise of his discretion in light of *"the facts before him."* (Emphasis supplied.) United States v Brown, supra. When we found no explanation of the 108-day delay involved in that case, we reversed.

Review of the facts before the law officer in the instant case reveals that he was informed of a total delay of 144 days between accused's confinement and the trial. My brothers seek to reduce this period to 60 days—the time spent in processing the record at the convening authority level—on the basis that the officer forwarding the charges noted the undue delay resulted from "further investigation." I am not content to accept that conclusion as a reasonable explanation of the procrastination between accused's confinement and receipt of the charges by the Commandant, Twelfth Naval District, for, if our language in United States v Brown, supra, has any efficacy, "the prosecution is required to show the full circumstances of the delay." United States v Brown, supra, at page 503. Surely, no staff judge advocate or legal officer would accept that bare expression of a conclusion as exemplifying the cause of the lack of promptness here present. We equally should not afford it the dignity of the term "explanation."

Moreover, like the trial defense counsel, I am at a loss to understand the need for further investigation of the offenses charged when, on December 18, 1958, the Government had procured a complete, voluntary confession from the accused and knew that he had been apprehended while spreading inflammables about the hobby shop. Indeed, the stolen property itself had even been recovered, and I deem it worthy of note that the Government adduced no evidence at the trial which was not known to it within a few days of the commission of the offenses.

It is arguable, however, that the reference to "further investigation" involved the other fires which allegedly occurred at the naval station. If this be the case, there is yet no ground established for the delay, for the trial counsel made no attempt in the record to establish the circumstances which required that forwarding of the charges be delayed beyond the eight-day period for which provision is made in Code, supra, Article 33. In addition, there is no explanation at all of the sixty days which elapsed between receipt of the charges in the office of the officer exercising general court-martial jurisdiction and their reference for trial. My brothers believe the law officer must have taken into consideration the requirement of the Code that a pretrial advice be prepared by the staff legal officer and considered by the convening authority. Code, supra, Article 34, 10 USC § 834. Of course this is true, but any judge advocate or legal officer worth his salt also knows that, in an open and shut case like this one, preparation and consideration of an advice consumes very little time. Again, however, I suggest we engage here in little more than speculation, for the trial counsel made no effort to show the period was unduly prolonged because of the advice or to establish any other circumstances which would justify an individual being held under the rigors of military confinement for such a lengthy period.

In sum, I believe an unexplained 144-day delay between accused's confinement and his trial is sufficient, as was the 108-day delay in United States v Brown, supra, either to require a

416

demonstration of reasons therefor by the prosecution or to warrant granting of the defense motion. When we hold here, as a matter of law, that such procrastination did not require explanation, we overturn the salutary holding in the *Brown* case. I find that inconsistent with the scheme set forth in Code, supra, Articles 10 and 33, supra, and the unavailability of bail or other remedies to persons held in confinement by the armed forces. Moreover, what was good law for Brown should also be good law for Davis. I can only hope that The Judge Advocates General will again step into the breach we now create and assert their authority over staff judge advocates and legal officers to the extent that persons charged with offenses against the Code are, in the future, promptly brought to trial.

I would reverse so much of the decision of the board of review as affirms the findings of guilty of larceny, and order the charges dismissed.