UNITED STATES, Appellant

v

WILLIAM A. SCHALCK, Private, U. S. Army, Appellee

14 USCMA 371, 34 CMR 151

## No. 17,020
## January 24, 1964

Colonel *Bruce C. Babbitt* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Francis M. Cooper* and *Captain Charles D. Reaves*.

*First Lieutenant E. Pomeroy Williams* argued the cause for Appellee, Accused. With him on the brief were *Colonel Joseph L. Chalk, Captain Ronald L. Gainer,* and *Captain Gary G. Keltner*.

## Opinion of the Court

KILDAY, Judge:

Upon a plea of guilty to two specifications of being absent without leave and one specification of willful disobedience of a lawful order of a superior officer, the accused was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for two years. The findings and sentence were approved by the convening authority.

Before the board of review, Schalck, for the first time, asserted he was denied his right to military due process, by reason of the fact that he was confined for a period of ninety-six days during which time no charges were preferred against him, allegedly in violation of his rights under Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810 and 833, respectively.

The board of review, finding that the accused was confined for the period alleged without charges and that the record was devoid of any data detailing the reasons why the pertinent Articles of the Code were not complied with, set aside the findings of guilty of all charges and specifications and ordered them dismissed.

The Judge Advocate General of the Army certified the following questions to this Court:

(1) Was the board of review correct in holding that the delay in preferring charges against the accused was not waived by his failure to raise the issue at trial and by his plea of guilty?

(2) Was the board of review correct in summarily dismissing the charges against the accused on the factor alone of delay in preferring charges when the Government, because the issue was not raised at the trial, was never accorded a hearing upon the question?

The facts to which the accused pleaded guilty are not in dispute for they were entered into the record by way of stipulation between counsel for the Government and the defense with the express consent of the accused. Rather it is the lapse of time (ninety-six days) between his confinement on June 19, 1962, and his release on September 23, 1962, without charges being filed, that formed the basis for accused's allegation of denial of due process.

The Government does not dispute the confinement issue, but contends that the accused waived his right to such an assertion by his failure to make a timely objection prior to or at time of trial and by his plea of guilty. In the alternative,

the Government argues that it should be afforded an opportunity to explain the delay and to have the issue decided at the trial level.

Appellate defense counsel assert that the doctrine of waiver does not apply, despite a plea of guilty, where the defect involves, as in this case, a denial of due process of law; and that the Government has itself waived its opportunity to explain the delay by its failure to do so during the post-trial review and before the board of review.

The record of trial reflects that the accused was in fact confined, as alleged, in the post stockade, Fort Jay, New York, from June 19, 1962, to September 23, 1962, and that charges were not preferred against him until October 5, 1962. Defense counsel referred generally to this situation in his argument on sentence[1] and the law officer informed the court-martial members that in determining the sentence to be adjudged, they could take into consideration "the nature and duration of the pretrial restraint." However, neither of these individuals detailed or discussed further this situation and the Government, at trial, was silent in regard thereto.

Review of the allied papers in this case reveals that subsequent to the decision of the board of review, the office of The Judge Advocate General of the Army obtained from trial counsel a chronology of events, dated July 12, 1963, covering the pertinent period of accused's confinement. Although these data are revealing of the events occurring during that period, the chronology was not utilized, except in a general way, by the Government in its argument before this Court, and was not, of course, considered by the board of review, having been prepared at a later date.

As asserted by the Government, the law of this Court and other Federal courts clearly establishes that the right to a speedy trial is personal and can be waived if not promptly asserted by a timely demand. United States v Wilson, 10 USCMA 398, 27 CMR 472; United States v Hounshell, 7 USCMA 3, 21 CMR 129; United States v Lustman, 258 F 2d 475 (CA 2d Cir) (1958). And in United States v Rehorn, 9 USCMA 487, 26 CMR 267, we stated:

> ". . . It is a fundamental principle of Federal criminal law that a plea of guilty waives all defects which are neither jurisdictional nor a *deprivation of due process of law.* 4 Barron and Holtzoff, § 1971 (rules edition 1951). See United States v Sturm, 180 F 2d 413 (CA 7th Cir) (1950), cert den, 339 US 986, 70 S Ct 1008, 94 L ed 1388 (1950). Our earliest cases carried this rule over to military law, United States v Clay, 1 USCMA 74, 1 CMR 74; United States v Lucas, 1 USCMA 19, 1 CMR 19. . . ." [Emphasis supplied.] [9 USCMA at page 488.]

But compare United States v Brown, 10 USCMA 498, 28 CMR 64; United States v Davis, 11 USCMA 410, 29 CMR 226.

It is, however, the emphasized portion of the above citation that accused asserts as error in this case, and, while the Government just as vigorously relies on its assertion that this is merely a speedy trial issue and waivable, it concedes that deprivation of due process of law is not waived by failure to assert it prior to trial.

The issues of speedy trial and denial of due process are frequently inextricably bound together and the line of demarcation is not always clear. Such, allegedly, is the situation in this case. According to accused, the Government's delay herein is coupled with a failure to

---

[1] "Gentlemen, the law officer will instruct you that when you are voting on a sentence in this case you may take into consideration certain matters that he will set out for you. Among these is pretrial confinement. Now, the accused in this case was placed in pretrial confinement some time in early June, He was released and turned over to the Casual Detachment. He has, however, been under the pressure of a court-martial pending over his head for approximately five to six months, and I submit that this is some sort of punishment, the waiting, in and of itself."

comply with Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810 and 833, respectively.[2] Article 10 guarantees to an accused his constitutional right to a "speedy trial," while Article 33 establishes that charges are to be forwarded within eight days after arrest or confinement, or a written explanation given for failure to do so, if not practicable. These provisions are further strengthened by Article 98 of the Uniform Code, 10 USC § 898,[3] which provides punishment for anyone responsible for an unnecessary delay. Failure to comply with these provisions of the Code, accused urges, amounts to more than mere failure to accord the accused a speedy trial but rather results in a denial of due process.

The Government's position is that the accused was immediately informed of the wrong for which he was confined at time of confinement and that this is borne out by the fact that accused signed a form, on the day of his apprehension, in which he acknowledged that sections (a) and (b) of Article 31, Uniform Code of Military Justice, 10 USC § 831, had been read and explained to him, that he understood them and his rights thereunder and that he did not desire to make a statement. On the reverse side of this form is a certificate, signed by the accused, that Article 31 had been read and explained to him prior to " 'requesting my authority to

be absent from my organization or to any questioning whatsoever.' " It is this certificate, plus a notation on the confinement order that accused stated he had been absent without leave since January 24, 1962, which forms the basis for the Government's position that accused was *immediately informed* of the reason for his confinement. Since he was immediately served with a copy of the *formal charges*, which were sworn to on October 5, 1962, the Government argues it has discharged its responsibility and that "accused was not deprived of the right granted by Congress to be informed of the wrong he committed or of the charges against him."

While the Government's position hardly seems tenable in view of the specific language of Articles 10 and 33, supra, and the sanctions imposed for violation thereof, we are not constrained to decide the issue at this level. There are numerous, unanswered factual questions here that should be resolved at a level where testimony can be taken, witnesses examined, and testimony offered in rebuttal. In this manner the rights and interests of the accused and the Government will be preserved. United States v Thomas, 13 USCMA 163, 32 CMR 163.

Accordingly, we hold, that in the posture of this record, the board of

---

[2] **"Art. 10. Restraint of persons charged with offenses.**

"Any person subject to this chapter charged with an offense under this chapter shall be ordered into arrest or confinement, as circumstances may require; but when charged only with an offense normally tried by a summary court-martial, he shall not ordinarily be placed in confinement. When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.

• • • • •

**"Art. 33. Forwarding of charges.**

"When a person is held for trial by general court-martial the commanding officer shall, within eight days after

the accused is ordered into arrest or confinement, if practicable, forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction. If that is not practicable, he shall report in writing to that officer the reasons for delay."

[3] **"Art. 98. Noncompliance with procedural rules.**

"Any person subject to this chapter who—

(1) is responsible for unnecessary delay in the disposition of any case of a person accused of an offense under this chapter; or

(2) knowingly and intentionally fails to enforce or comply with any provision of this chapter regulating the proceedings before, during, or after trial of an accused;

shall be punished as a court-martial may direct."

review was correct in holding that delay in preferring charges against the accused was not waived by his failure to raise the issue at trial and by his plea of guilty. We also hold that the board of review was not correct in summarily dismissing the charges against the accused on the factor alone of delay in preferring charges when the Government, because the issue was not raised at trial, was never accorded a hearing upon the question.

The first certified question is answered in the affirmative. The second certified question is answered in the negative. The decision of the board of review is reversed and the record is returned to The Judge Advocate General of the Army for further proceedings not inconsistent with this opinion.

Chief Judge QUINN and Judge FERGUSON concur.