UNITED STATES, Appellee

v

FRANCIS C. LIPOVSKY, Fireman Recruit, U. S. Navy, Appellant

17 USCMA 510, 38 CMR 308

No. 20,714

May 3, 1968

Captain Peter B. Work, USMC, argued the cause for Appellant, Accused.
Captain R. S. Gasiorowski, USMCR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel C. R. Larouche, USMC.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused pleaded guilty to and was found guilty of absence without leave, making bad checks, and forgery, in violation of Uniform Code of Military Justice, Articles 86, 123a, and 123, 10 USC §§ 886, 923a, 923, respectively. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The convening authority approved the sentence, crediting accused with pretrial confinement from July 14, 1966, to December 2, 1966. The board of review affirmed. We granted accused's petition for review upon the issues whether the board was correct in its determination that any prejudice from a denial of speedy trial was overcome by the effect of accused's pretrial agreement and whether accused was denied a speedy trial.

### I

Basically, the record reflects Lipovsky was apprehended and confined on July 13, 1966. Charges were preferred against him on October 13, 1966, and he was informed of them on the following day. The pretrial investigation was held October 27, 1966, and the charges were forwarded on November 14, 1966. They were referred to trial on November 21, 1966, and trial was held on December 2, 1966. The staff legal officer's review was completed on June 16, 1967, and the convening authority took his action on the record on June 21, 1967. The record was received by the Judge Advocate General of the Navy on July 11, 1967, and the board of review published its opinion thereon on October 5, 1967.

In apparent compliance with Code, supra, Article 33, 10 USC § 833, the officer forwarding the charges sought to explain the reasons for the delay of one hundred thirteen days beyond the eight-day statutory limit for sending the charges up in a general court-martial case. Basically, it refers to a continuing investigation by the Office of Special Investigations into accused's check writing activities and the delay necessitated in preparing the proceedings of the pretrial investigation and the investigating officer's report. In addition, the Government urges other factors in the record as justification of the delay and the law officer's ruling at trial on a defense motion for dismissal of

**511**

the charges for denial of a speedy trial.

The board of review considered these matters, but we need not do so. A perusal of the two separate opinions of the members who acted in this case leaves us uncertain as to whether the board found as a fact that accused was denied a speedy trial. Thus, Member Scherr, after reviewing the above evidence and the contentions of the United States, noted a violation of Code, supra, Article 33, and opined that "The question remains whether this violation and the requirement of Article 10, UCMJ, that immediate steps shall be taken . . . to try him or to dismiss the charges and release him dictates reversal in this case." In addition, he declared, "We conclude from the facts adduced that the record discloses an unreasonable delay in bringing this case to trial." No prejudice, however, was found in light of no apparent harm to the accused's rights and the pretrial agreement on the basis of which he pleaded guilty.

Member Walkup, concurring in affirmance of the findings and sentence approved below, seems to indicate accused waived his right to speedy trial by pleading guilty pursuant to a pretrial agreement, without making it clear whether he found any denial of that right in this case. A third member merely concurred in the result.

Under the circumstances, we cannot ascertain whether a majority of the board has factually █ found denial of a speedy trial, thereby precluding our review of the issue or whether the views expressed are only those of Member Scherr. Accordingly, we return the case for clarification. See United States v Stivers, 11 USCMA 512, 29 CMR 328, and United States v Judd, 10 USCMA 113, 27 CMR 187.

## II

Despite the foregoing, however, we feel compelled to comment, █ as a matter of guidance, upon the further question whether the board was correct in

finding any prejudice expurgated from the denial of a speedy trial by reason of a pretrial agreement to plead guilty. In United States v Cummings, 17 USCMA 376, 38 CMR 174, we recently held "the inclusion in this agreement of a waiver of accused's right to contest the issues of speedy trial and due process are contrary to public policy and void." *Id.*, at page 379. Moreover, in that case, despite the existence of a pretrial agreement, we reversed and ordered a rehearing at which, the agreement notwithstanding, accused might raise the issue of speedy trial and seek appropriate relief.

In like manner, we have long pointed out a plea of guilty does not waive the right to speedy trial. United States v Davis, 11 USCMA 410, 29 CMR 226; United States v Schalck, 14 USCMA 371, 34 CMR 151; United States v Tibbs, 15 USCMA 350, 35 CMR 322. In light of these holdings, it should be apparent that a pretrial agreement cannot serve to eliminate the prejudice inherent in the denial of a speedy trial.

Moreover, where such a denial is properly found, the remedy is dismissal of the charges. United █ States v Davis, supra; United States v Parish, 17 USCMA 411, 38 CMR 209; United States v Williams, 16 USCMA 589, 37 CMR 209. This Court has uniformly followed that rule. See also United States v Lamphere, 16 USCMA 580, 37 CMR 200. Otherwise, the accused is afforded no relief, for ordering a rehearing would be self-defeating in that it would merely mean a staler retrial of already stale charges. Indeed, Code, supra, Article 10, 10 USC § 810, requires, as to persons placed in arrest or confinement that "immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him." Accordingly, we conclude, once a denial of speedy trial is found to exist, the appropriate remedy to cure the evil is to end the prosecution.

The decision of the board of review

is reversed, and the record of trial is returned to the Judge Advocate General of the Navy, with instructions to the board to clarify its decision in accordance with the principles laid down in this opinion.

Chief Judge QUINN and Judge KILDAY concur.