UNITED STATES, Appellee

v

STEPHEN D. CRIDER, Lance Corporal, U. S. Marine Corps, Appellant

22 USCMA 108, 46 CMR 108

No. 24,255

January 26, 1973

*Philip H. Manning,* Esquire, argued the cause for Appellant, Accused. With him on the brief were *John A. Kendrick,* Esquire, and *Lieutenant David G. Grimes, Jr.,* JAGC, USNR.

*Lieutenant E. Alan Hechtkopf,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

### Opinion of the Court

DARDEN, Chief Judge:

This case presents the question whether the United States Navy Court of Military Review may approve a greater offense on further review by a second panel after this Court has reversed the initial panel's factual affirmance of a lesser included offense.

Lance Corporal Stephen D. Crider was convicted of four specifications of

premeditated murder and sentenced to confinement at hard labor for life, total forfeitures, and reduction to the lowest enlisted grade. After the findings and sentence were initially approved below, a panel of the United States Navy Court of Military Review directed a new post-trial review and action on the record. Following the new review, only so much of the sentence as provided for dishonorable discharge, total forfeitures, confinement at hard labor for 3 years, and reduction to the lowest enlisted grade was approved by the officer exercising general court-martial jurisdiction.

Later, the same panel of the Court of Military Review, denying a motion to disqualify itself as unable to give the accused a fair and impartial hearing, approved as correct in law and fact the lesser offense of unpremeditated murder and a sentence to confinement at hard labor for 3 years, total forfeitures, and reduction to the lowest enlisted grade.

This Court subsequently granted the accused's petition for review and reversed the panel decision because of our holding that its members should have recused themselves. We directed further review of the case by another panel of the court. United States v Crider, 21 USCMA 193, 44 CMR 247 (1972).

On further review, a second panel of the Court of Military Review affirmed the original findings of guilty of premeditated murder and the same sentence approved by the initial panel.

The Government contends that the original panel's affirming action did not become final and binding in view of our grant of accused's petition for review and that our reversal in effect directed reconsideration of the entire case without regard to the panel's action affirming a lesser included offense. It relies in this respect on Forman v United States, 361 US 416, 4 L Ed 2d 412, 80 S Ct 481 (1960).

Appellate defense counsel, on the other hand, urge that the doctrine of former jeopardy precluded the second panel from affirming any greater offense than that approved by the first panel. This contention is based on the decision in Green v United States, 355 US 184, 2 L Ed 2d 199, 78 S Ct 221 (1957).

In *Forman*, the United States Court of Appeals for the Ninth Circuit reversed the defendant's conviction and remanded the case to the trial court with directions to enter a judgment of acquittal. On petition for rehearing, it modified its opinion to direct a new trial. Before the Supreme Court, the defendant contended that modification of its opinion on rehearing by the Court of Appeals violated the constitutional prohibition against twice placing him in jeopardy. In rejecting that argument, the Court stated, 361 US at 426:

"We believe petitioner overlooks that, when he opened up the case by appealing from his conviction, he subjected himself to the power of the appellate court to direct such 'appropriate' order as it thought 'just under the circumstances.' Its original direction was subject to revision on rehearing. The original opinion was entirely interlocutory and no mandate was ever issued thereon. It never became final and was subject to further action on rehearing. . . . To hold otherwise would deprive the Government of the right to file a petition for certiorari here in criminal cases decided favorably to the defendant in the Court of Appeals, for such a petition might be attacked as a prohibited appeal by the Government on a motion for a new trial. It would be tantamount to a verdict of acquittal at the hands of the jury, not subject to review by motion for rehearing, appeal, or certiorari in this Court. We cannot subscribe to such a theory."

Both this Court's practice and that of the Courts of Military Review permit petitions for reconsideration of opinions similar to the petition for rehearing involved in the *Forman* case. In this case, the Government sought no reconsideration of the Court of Military Review's opinion, which then would become final, subject only to the Judge Advocate General's certification of the case here or

our grant of the accused's petition for review. The former course was not pursued by the Government, and our grant of accused's petition and ensuing reversal is not comparable to reconsideration by the court below of its opinion and findings. The Government cannot convert the accused's successful appeal here on a specific issue into reconsideration on its behalf of the entire action of the Court of Military Review below. Cf. United States v Davis, 11 USCMA 410, 29 CMR 226 (1960). The decision in Forman v United States, supra, is thus distinguishable and does not govern the issue presented.

Green v United States, supra, does not, as the defense contends, concern itself squarely with the problem confronting us. Green was indicted for first degree murder and arson. The jury convicted him of second degree murder and arson. When he appealed the murder conviction, it was reversed and the case remanded for a new trial. On remand, Green was again tried for first degree murder and convicted of that charge. Finding that he had been acquitted of that offense at his first trial, the Supreme Court concluded that the doctrine of former jeopardy barred his second conviction.

Thus, the Green opinion[1] concerned itself with the effect of a jury acquittal on a subsequent trial for the same offense, while we are concerned with the effect of intermediate appellate action on the findings of guilty. Although the decision is not squarely in point, some of its language is nonetheless illuminating and we believe its principle governs the situation in which the accused now finds himself.

In Green, the Supreme Court noted that "it is wholly fictional" to say an accused forgoes "his constitutional defense of former jeopardy on a charge of murder in the first degree in order to secure a reversal of an erroneous conviction of the lesser offense." 355 US at 192. Moreover, quoting with approval Mr. Justice Holmes's dissent in Kepner v United States, 195 US 100, 49 L Ed 114, 24 S Ct 797 (1904), the Green opinion declared:

"'. . . [I]t cannot be imagined that the law would deny to a prisoner the correction of a fatal error, unless he should waive other rights so important as to be saved by an express clause in the Constitution of the United States.'" [355 US at 192.]

█ This Court has also expressed the view that, assuming jurisdiction below, an accused cannot come to harm by appealing here and securing a reversal of his conviction. United States v Zimmerman, 2 USCMA 12, 6 CMR 12 (1952).[2] We conclude that, as in Green with regard to the jury's verdict, an accused who obtains review here does not forgo the right to beneficial action taken on his behalf by the Court of Military Review when he secures reversal of that court's action. If the Government believes that the Court of Military Review erred, it has the right to seek certification of the case by the Judge Advocate General for possible corrective action in this Court. Article 67, UCMJ, 10 USC § 867. It may not claim that the accused's successful petition for review has the same effect and removes any basis for his claim of former jeopardy. See United States v Davis, supra; Sapir v United States, 348 US 373, 99 L Ed 426, 75 S Ct 422 (1955) (Douglas, J., concurring); Forman v United States, supra at 425.

Of greater importance is that Courts of Military Review possess far-reaching powers that are not normally attributes of appellate bodies. Article 66(c), UCMJ, 10 USC § 866(c), provides that such courts

". . . may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire

---

[1] The Green holding had long been applicable in military law as a part of the Uniform Code of Military Justice. See Article 63, Uniform Code of Military Justice, 10 USC § 863; see also United States v Richardson, 21 USCMA 54, 44 CMR 108 (1971).

[2] In Zimmerman, the Court expressly saved the question now presented in this case.

record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact. . . ."

Factual determinations by Courts of Military Review are binding on this Court. United States v Baldwin, 17 USCMA 72, 37 CMR 336 (1967); United States v Remele, 13 USCMA 617, 33 CMR 149 (1963); United States v Moreno, 5 USCMA 500, 18 CMR 124 (1955).

Essentially, the Court of Military Review provides a de novo trial on the record at appellate level, with full authority to disbelieve the witnesses, determine issues of fact, approve or disapprove findings of guilty, and, within the limits set by the sentence approved below, to judge the appropriateness of the accused's punishment. We believe such a court's exercise of its fact-finding powers in determining the degree of guilt to be found on the record is more apposite to the action of a trial court than to that of an appellate body.

■ Thus, when the Court of Military Review has "acquitted" the accused of premeditated murder by affirming as correct in law and fact findings of guilty of unpremeditated murder, the doctrine laid down in Green v United States, supra, is applicable and the accused is entitled to plead former jeopardy against any attempt to affirm the greater offense following our reversal after granting his petition for review. The second panel of the Court of Military Review could not affirm findings of guilty of premeditated murder after the first panel had found the facts to sustain no more than unpremeditated murder.

The decision of the United States Navy Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy for action consistent with this opinion.

Judges QUINN and DUNCAN concur.