UNITED STATES, Appellee

v

EDGAR R. SIMMONS, Private, U. S. Army, Appellant

No. 27,899

March 1, 1974

Colonel Arnold I. Melnick, Major H. M. Hougen, and Captain John Howard Shows were on the pleadings for Appellant, Accused.

Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Richard A. Karre, and Captain David A. Schlueter were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

On this appeal, the accused contends that he was brought to trial in deprivation of his right to speedy disposition of the charges against him.

In January 1971, the accused made a statement in which he implicated himself in the commission of perjury in the separate court-martial trials of Sergeant Hobson and Private First Class Lewis. Immediately, he was placed under restraint. On May 20, he was ordered into solitary confinement, where he remained until the end of August. Thereafter, he remained in confinement, despite repeated requests for release, until October 20. Although the Article 32 investigating officer and another officer investigating the offenses recommended against trial, the charges were referred to a general court-martial convened in West Germany and came on for trial on October 21.

At trial, defense counsel moved to dismiss the charges on the ground that accused had been denied timely disposition of the case. After an extensive hearing, the trial judge denied the motion. Our examination of the record convinces us that the Government did not meet its burden "to justify the delay." United States v Mason, 21 USCMA 389, 393, 45 CMR 163, 167 (1972). It is apparent that a great deal of the delay resulted from the Government's desire to dispose first of similar charges of perjury against another person whose testimony was not essential to the Government's case against the accused and who did not testify as a Government witness. See United States v Weisenmuller, 17 USCMA 636, 38 CMR 434 (1968). As the Article 32 investigating officer testified, the "whole thing was in the air and . . . [he] was . . . advised . . . just to wait;" so, he "waited" until he was finally instructed to proceed.

The decision of the Court of Military Review is reversed. The findings of guilty are set aside and the charges are ordered dismissed.

Senior Judge FERGUSON did not participate in this case.