# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Glen A. WEST
### Telecommunications Specialist Chief (E-7), U.S. Coast Guard

## CGCMG 0167

## Docket No. 1145

## 28 November 2001

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at First Coast Guard District Boston, Massachusetts, on 8 and 9 November 2000.

| | |
|---|---|
| Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | LCDR Jon G. Beyer, USCG |
| Detailed Defense Counsel: | LT Vartan A. Davidian, III, JAGC, USNR |
| Assistant Defense Counsel: | LT Joseph B. Judkins, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | CDR Chris P. Reilly, USCG |
| | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL NINE
## BAUM, BRUCE, & PALMER
Appellate Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of committing one act of sodomy with a child under the age of twelve years, in violation of Article 125 of the Uniform Code of Military Justice (UCMJ). Appellant was sentenced to a reduction to pay grade E-1, confinement for eleven months, and a bad-conduct discharge (BCD). The convening authority approved the sentence as adjudged, but suspended all confinement in excess of eight months for a period of twelve months, as required by the pretrial agreement.

Before this Court, Appellant has assigned three errors: (1) that he was deprived of his Fifth Amendment right to Due Process by excessive pre-referral delay; (2) that the military judge erred in not ordering three days of credit for time Appellant spent in civilian confinement; and (3) that a BCD is inappropriately severe, given Appellant's nearly nineteen years of exceptional service and other favorable matters presented in his behalf.

Background

In the fall of 1996, Appellant was residing with his then-girlfriend, TL, and her two children, a son and a daughter, CL. At the time, CL was four years old. On the date of the offense in November 1996, TL left the house to run errands, leaving her children in Appellant's care. At one point, he entered the bathroom to urinate while CL, who had just used the facilities, was still there. She observed his penis and asked Appellant if she could touch it, which he permitted. Then he asked her to suck it. She took his penis in her hands, placed her lips around the tip of the penis so that it was inside her mouth, and then pulled away and left the room.

CL later related this story to her biological father, who reported it to the local authorities. On 15 April 1997, the local police arrested Appellant while he was at his unit, and he spent three days in civilian confinement. His command was made aware of the allegations of child sexual abuse, but withheld initiating a criminal investigation of charges that the civilian authorities were pursuing. The command did initiate a Work-Life investigation, however. Almost a year later, on 20 March 1998, the state decided not to prosecute Appellant, after CL's parents advised authorities that they would not allow CL to testify in court. Upon being notified of the state's action, the Work-Life representative closed his case and destroyed the file.

On 21 January 1999, Appellant's command reenlisted him for a four-year term, and promoted him to Telecommunications Specialist Chief in August 1999. A new commanding officer reported aboard Appellant's unit in the summer of 1999, and, after learning of the prior charges and action by the state, on 27 August 1999 caused the Coast Guard Investigative Service (CGIS) to commence an investigation into the child sexual abuse allegations, which resulted in charges being preferred against Appellant on 12 July 2000. Those charges were referred to trial on 13 September 2000 and trial commenced on 8 November 2000.

I.

Did a Delay of More Than Three Years in Preferring Charges Against Appellant Deprive Him of His Right to a Speedy Trial, In Violation of the Due Process Clause of the Fifth Amendment?

In a pretrial motion to dismiss, Appellant contended that his command's delay in preferring charges against him violated his Fifth Amendment due process right to a speedy trial. The trial judge dismissed the motion. Thereafter, Appellant pled guilty and when asked by the military judge if he understood that by pleading guilty he waived the right to appeal the denial, Appellant answered, "Yes, I do, sir." The government contends that we should find this issue waived. Appellant, however, argues that, by applying the rationale of *United States v. Davis*, 11 U.S.C.M.A. 410, 412, 29 C.M.R. 226, 228 (CMA 1960), and *United States v. Brown*, 10 U.S.C.M.A. 498, 504, 28 C.M.R. 64, 70 (CMA 1959), we should find that he is not barred by his guilty plea from asserting speedy trial protection under the Fifth Amendment. The principle expressed in *United States v. Davis*, *supra*, and *United States v. Brown*, *supra*, that a guilty plea does not waive an issue of speedy trial under the Sixth Amendment, was superseded by the President's issuance of Rule for Courts-Martial (RCM) 707, Manual for Courts-Martial (MCM) (1984 ed.). That rule, which continues to date in MCM (2000 ed.), deals with the right to speedy trial after preferral of charges or the imposition of restraint, and provides in RCM 707(e) that "a plea of guilty which results in a finding of guilty waives any speedy trial issue as to that offense." The Discussion paragraph following RCM 707(a) expressly states, "Delay from the time of an offense to preferral of charges

or the imposition of pretrial restraint is not considered for speedy trial purposes." Neither RCM 707(e), nor any other rule, purports to impose a waiver of pre-preferral delay by a guilty plea. Accordingly, we will not treat the Fifth Amendment Due Process issue as waived and we will address the concerns of Appellant that he has personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (CMA 1982).

*United States v. Reed*, 41 M.J. 449, 451 (1995), *cert. denied*, 516 U.S. 820 (1995), tells us that the military statute of limitations, Article 43, UCMJ, is the primary protection against pre-accusation delay, but it may not be sufficient by itself. In that event, the Due Process Clause of the Fifth Amendment may be relied upon, since Sixth Amendment speedy trial protection does not apply to pre-accusation delays when there has been no restraint. *Reed,* 41 M.J. at 451. According to *Reed*, when relying on the Fifth Amendment right, an accused has the burden of proving an egregious or intentional tactical delay and actual prejudice from that delay. *Id.* at 452. Despite the delay of over three years in swearing out military charges against Appellant, he has not met the two-pronged burden established by *Reed.* He has not shown an intentional tactical delay by the Government and, while it was lengthy, the circumstances satisfy us that it was not an egregious delay. Furthermore, Appellant has not established necessary prejudice, which may be shown by actual loss of a witness, as well as the substance of the witness's testimony, or the loss of physical evidence. As brought out in *Reed,* unsupported allegations of prejudice are not sufficient to warrant dismissal. We find that the trial judge properly denied Appellant's motion to dismiss.

II.

Credit for Time Spent in Civilian Confinement

At trial, Appellant moved for credit for the three days that he spent in civilian confinement. The military judge denied the motion because the confinement had not been served at the direction of military authorities. Subsequent to the military judge's ruling, this Court decided *United States v. Tardif*, 54 M.J. 954 (C.G.Ct.Crim.App. 2001), and both Appellant and the government agree that under the terms of *Tardif*, Appellant is entitled to an administrative credit for his three days of civilian confinement.

Since Appellant has already served his confinement, we must look carefully at the actual relief that confinement credit will afford. The government has declined to recommend a substitute, but Appellant points to two Air Force cases in which substitute administrative credit was given for pretrial confinement by civilian authorities, after the court-martial imposed confinement had been served. The accused in each of those cases was confined by civilian authorities for acts eventually tried by court-martial. In one, the accused was allowed ten days of pay and allowances as compensation for five days in civilian confinement. *United States v. Gazurian*, 1997 CCA LEXIS 144 (A.F.Ct.Crim.App. Feb. 20, 1997). In the other, the Air Force Court compensated for eight days of civilian confinement by approving a reduction to paygrade E-2 instead of the adjudged reduction to E-1. *United States v. Sandoval*, 1996 CCA LEXIS 219 (A.F.Ct.Crim.App. July 18, 1996). We will apply this latter approach to the case before us, and affirm the lesser reduction to E-2.[1]

---

[1] We recognize that application of confinement credit against an accused's sentence to a reduction in paygrade is not a remedy permitted by RCM 305(k). The remedies outlined there, however, are for violations of certain provisions in RCM 305. In this case, relief is not based on a violation of RCM 305 but case law interpreting Department of Defense

III.

## Severity of the Sentence

Appellant contends that a bad conduct discharge is inappropriately severe under the circumstances of this case. He characterizes the offense as an "exceedingly isolated incident of admittedly poor judgment," and contrasts it with his distinguished career. We have considered all the matters submitted in Appellant's behalf, which include, in addition to his impressive Coast Guard career and the circumstances surrounding the offense, evidence that he grew up in a "highly dysfunctional" home, that psychological evaluations found no evidence of sexual deviancy or psychological disorders, and that he remains an active and devoted father to his 9 and 6 year old daughters, who live with their mother, from whom Appellant is divorced. Having carefully weighed the matters Appellant has submitted, we nevertheless believe that the sentence is not inappropriately severe for this Appellant and this offense. The assignment is rejected for this reason.

## Conclusion

After reviewing the record in accordance with Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact, but that Appellant's three days of confinement by civilian authorities should be credited through modification of the reduction in paygrade. Accordingly, the findings of guilty and only so much of the sentence as provides for a bad conduct discharge, confinement, as approved and partially suspended below, and reduction to pay grade E-2, are affirmed. All rights, privileges, and property of which Appellant has been deprived by virtue of that portion of the sentence not affirmed will be restored.

Judges Bruce and Palmer concur.

For the Court,



Kevin G. Ansley
Clerk of the Court

---

regulations. *United States v. Allen,* 17 M.J. 126 (1984); *United States v. Tardif,* 54 M.J. 954 (C.G.Ct.Crim.App. 2001). Because the several types of sentence credits are derived from different lines of authority, the rules for application of various sentence credits are not uniform. *See United States v. Redlinski,* __ M.J. ___, ___ (C.G.Ct.Crim.App. Oct. 30, 2001), *available at* https://afls16.jag.af.mil/dscgi/ds.py/View/Collection-3720. This is an area that is ripe for clarification and, perhaps, simplification by a comprehensive rule on sentence credits in the Manual for Courts-Martial.