**UNITED STATES of America**

v.

**Gennaro SALZANO, Defendant.**

United States District Court
S. D. New York.
Feb. 3, 1956.

Paul W. Williams, U. S. Atty., New York City, Frederic S. Nathan, Asst. U. S. Atty., New York City, of counsel, for the United States.

Gennaro Salzano, pro se.

IRVING R. KAUFMAN, District Judge.

This is petitioner's second motion pursuant to 28 U.S.C.A. § 2255 to vacate and set aside his judgment of conviction for violation of the narcotics laws, 21 U.S.C.A. §§ 173 and 174, and the sentence of eight years imposed upon him as a second offender by this Court on January 15, 1954.

In his first motion, dated July 22, 1955, defendant alleged that his sentence was illegal because he was not properly charged as a second narcotics offender. He based this allegation on the fact that while he was sentenced on the morning of January 15, 1954, the information charging him as a second offender was not stamped "filed" until the afternoon of that same day.[1] The government's affidavit in opposition to that first motion made it clear that in the Southern District of New York the practice is for the Assistant United States Attorney to file the information with the Clerk of the Court who then reads its contents to the defendant. The defendant then affirms or denies that he is the person so convicted. Thereafter, the information is removed from the courtroom with the other court records, and is later stamped "filed". The transcript of the proceedings on the morning of January 15, 1954, confirmed the practice described in the affidavit, and it clearly appeared that defendant, in the presence of his counsel, admitted that he was the person convicted of the former offense set forth in the information. On the basis of this record, Judge Dimock denied petitioner's motion without a hearing on August 8, 1955.

Petitioner raises this same contention in his present motion, and on the basis of the record above, I find his contention that proper filing procedure was not followed to be wholly without merit. In addition, in this present motion, petitioner alleges that improper practice was followed at his sentencing in that the Clerk was practicing law when he read the information; that his own counsel was acting as prosecutor when he explained the information and reminded him of the conviction to which it related; and, that he was not given the opportunity to act on his own behalf to "clarify certain facts important to his case" and to be able to tell the Court of "any mitigating circumstances". The first two contentions are so patently without substance that they merit no discussion; as to the third, the transcript shows that defense counsel made several statements on behalf of petitioner, and the record is clear that petitioner did not in any way indicate that he wanted to speak for himself or add to the remarks of counsel.

Petitioner also makes several allegations in his hand drawn petition

1. The first narcotics conviction occurred on November 1, 1950 in this court.

questioning the sufficiency of the admissible evidence and of the government's case in the event there had been a trial. However, this question was rendered moot by his plea of guilty which halted the prosecution from presenting its case by removing the necessity therefor. Hood v. United States, 8 Cir., 1946, 152 F.2d 431, 436; Forthoffer v. Swope, 9 Cir., 1939, 103 F.2d 707; United States v. Luvisch, D.C.E.D.Mich.1927, 17 F.2d 200.[2] In this connection, it is noteworthy that petitioner nowhere alleges his innocence of either the first or second offense.

 He further raises the contention that application of the second offender statute to him was unconstitutional as an ex post facto law in that he had committed the prior offense before the statute was passed. This point was set at rest in Beland v. United States, 5 Cir., 128 F.2d 795, 797, certiorari denied 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543, rehearing denied, 1942, 317 U.S. 710, 63 S.Ct. 205, 87 L.Ed. 566. It is clear that the heavier penalty is not additional punishment of the earlier offense, but is a punishment for the repetition of criminal conduct. As such it may be constitutionally imposed where the second offense was committed at a time when the second offender provisions were in effect.

Petitioner's last contention is that the indictment was insufficient to apprise him of the nature of the charges against him and to enable him to plead double jeopardy to a second prosecution for the same crime. By the petitioner's own definition of what is necessary in an indictment (which definition is accurate, see, e. g., Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 524; Todorow v. United States, 9 Cir., 173 F.2d 439, certiorari denied, 1949, 337 U. S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733), the indictment in the present case was completely adequate. Further, it should be noted that at both the time of the plea of guilty to the instant indictment on December 21, 1953, and the sentence on January 15, 1954 (at which time he also admitted the truth of the facts contained in the information charging him as a second narcotics offender), the petitioner was represented by experienced counsel of many years standing at the bar of this Court.

The motion, files and records of this case conclusively show that petitioner is entitled to no relief. His motion is, therefore, denied. So ordered.

2. Cases considering this problem have held that all factual, non-jurisdictional issues are foreclosed when the guilty plea is entered knowingly and with the advice of competent counsel, and that petitioner was adequately represented is pointed out later in this opinion.