UNITED STATES, Appellee

v

ROY L. HAMIL, JR., Private, U. S. Army, Appellant

15 USCMA 110, 35 CMR 82

No. 17,605

October 23, 1964

*Robert E. Shepherd, Jr., Esquire,* and *Captain John R. Nowell* argued the cause for Appellant, Accused. With them on the brief were *Lieutenant Colonel Jacob Hagopian, Lieutenant Colonel Ralph W. Wofford, Major George O. Taylor, Jr.,* and *Captain Charles W. Schiesser.*

*Captain Charles M. Pallesen, Jr.,* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis M. Cooper.*

QUINN, Chief Judge:

The accused stands convicted of one specification of larceny of an electric razor from a fellow soldier and three specifications of communicating obscene language over the telephone to a female, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, respectively. His sentence, as reduced by the convening authority, includes a dishonorable discharge and confinement at hard labor for two years. On this appeal, the accused contends that evidence of the discovery of the electric razor in his duffle bag was obtained in an illegal search and was improperly admitted against him.

Before entering his plea, the accused interposed a motion in an out-of-court hearing which, while not specifically defined as such, was, in effect, a motion to suppress evidence. The accused contended the search was illegal because there was no probable cause to initiate it, and the Warrant Officer who ordered the search had no authority to direct such action. The accused also maintained that a statement made by him after advice as to his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831, was inadmissible against him because it was the product of the illegal search. In the statement, the accused admitted he wrongfully took the razor, but he insisted he intended to return it to the owner. The motion was denied. When the court reconvened, the accused entered a plea of guilty to the lesser included offense of wrongful appropriation. Before accepting the plea, the law officer conducted an out-of-court hearing to determine whether the accused understood the meaning and effect of the plea.

At the hearing, the law officer called the accused's attention to the fact that a plea of guilty to the lesser offense admitted that the razor was wrongfully taken from the possession of the owner, and that the taking was with the intent temporarily to deprive or defraud the owner of its use. The accused said he understood the law officer's explanation of the lesser offense; that he was guilty

of committing that offense; that he desired to plead guilty; that he was not being "forced" to plead guilty; and that after consultation with his attorney, with whom he was entirely "satisfied," he was entering the plea to the lesser offense of his "own free will."

A voluntary and informed plea of guilty does not necessarily preclude appellate review of the denial of the constitutionally protected right of an accused. See Shelton v United States, 292 F2d 346, 347 (CA 7th Cir) (1961), cert den, 369 US 877, 8 L ed 2d 280, 82 S Ct 1149 (1962). This Court, for example, has held that, notwithstanding a plea of guilty, the accused is entitled to review of a ruling denying his motion to dismiss the charges for an alleged deprivation of his right to a speedy trial. United States v Davis, 11 USCMA 410, 29 CMR 226. Vindication of that constitutional right is unrelated to the admissions of fact contained in the plea, and, therefore, can present an independent justiciable issue. However, the right to be free from unreasonable search and seizure is not judicially recognized as a mere abstract principle, but is vindicated by keeping out of evidence the results of the search or seizure. If a fact is judicially admitted by the accused, no legal or practical purpose can be served by reviewing the propriety of the search which produced some evidence of the conceded fact.

Here, the accused's plea of guilty conclusively established the fact that he wrongfully took the razor from the owner; there was no need to introduce evidence on the point. Johnston v United States, 254 F2d 239 (CA 8th Cir) (1958); see also United States v Thompson, 11 USCMA 5, 28 CMR 229; United States v Cruz, 10 USCMA 458, 28 CMR 24. If there is no legal necessity for the introduction of any evidence whatever, it can hardly be said that admitting some improper evidence on the matter is detrimental to the accused. A number of Federal courts have held that the use of evidence obtained in

**111**

violation of accused's right is not prejudicial where there is a valid plea of guilty. See Armpriester v United States, 256 F2d 294 (CA 4th Cir) (1958), cert den, 358 US 856, 3 L ed 2d 90, 79 S Ct 88 (1958); Warren v United States, 232 F2d 629 (CA 5th Cir) (1956); United States v Salzano, 138 F Supp 72 (SD NY) (1956), affirmed, 241 F2d 849 (CA 2d Cir) (1957). We have applied the same principle to an accused who judicially admitted the essential facts, not by way of a plea of guilty, but in his voluntary testimony on the merits. In United States v Woodruff, 11 USCMA 268, 29 CMR 84, the accused, as the accused here, unsuccessfully objected to the admission into evidence of items seized in the course of a search which he contended was illegal, and to the admissibility of a pretrial statement which he maintained was the product of the search. Thereafter, he testified on the merits. In his testimony, he admitted the stolen articles were in his possession. However, he contended he did not know how they got there. Considering the effect of the accused's testimony on the accused's right to review the correctness of the rulings on the legality of the search and the admissibility of the pretrial statement, we said:

> " . . . [The accused] may not now be heard to complain that the court-martial considered against him the inferences to be drawn from *his own freely given testimony concerning the fruits of the searches.*"

[Emphasis supplied.] [United States v Woodruff, supra, at page 270.]

The Government could have rested on the accused's plea of guilty to establish beyond all doubt the fact that he had wrongfully taken the electric razor. Assuming the evidence it introduced was inadmissible, that circumstance in no way detracted from the conclusiveness of the admissions of fact inherent in the plea of guilty.

The accused does not dispute the voluntariness of his plea; and there is nothing in the record to cast any doubt upon its providential nature. On the contrary, it affirmatively appears that the ruling on the motion to suppress was "not a factor in prompting the plea." Armpriester v United States, supra, at page 297. The pretrial statement which the accused contended was a product of an illegal search was the only evidence indicating he intended to deprive the owner of the razor temporarily. In his closing argument, defense counsel contended that the circumstances under which the statement was made demonstrated the accused was telling "the truth." In view of the accused's plea of guilty, which conclusively established the wrongful taking, there is no reason to review the law officer's ruling on the legality of the search which led to discovery of the razor in the accused's possession.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.