UNITED STATES, Appellee

v

BURR F. JOHNSON, Airman Apprentice,
U. S. Navy, Appellant

20 USCMA 592, 44 CMR 22

No. 23,776

June 18, 1971

Lieutenant *Charles W. Corddry, III*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was Lieutenant *Scott M. Feldman*, JAGC, USNR.

Captain *Frank J. Kaveney*, USMCR, argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel *Charles J. Keever*, USMC, and Commander *Michael F. Fasanaro, Jr.*, JAGC, USN.

## Opinion of the Court

FERGUSON, Senior Judge:

The accused was convicted of a single specification of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and sentenced to a bad-conduct discharge, forfeiture of $80.00 per month for three months, confinement at hard labor for a like period, and reduction to the pay grade of E–1. Intermediate appellate authorities have approved the findings and sentence without change. We granted review to consider whether the military judge erred in receiving into evidence the $87.00, which, appellate defense counsel alleges, was the product of an unlawful search and seizure.

During the Article 39 (a) session, defense counsel moved for the suppression of the evidence obtained as the result of a search, on the ground that the accused's constitutional rights to privacy and to silence had been violated. Specifically, counsel alleged that the $87.00, which was found in the accused's sock during a search of his person, was inadmissible because the search was not based on probable cause and that the accused's subsequent statement, in which he admitted taking the money, was the product of the illegal search and was, therefore, also inadmissible. After hearing testimony on the issue, the military judge denied the motion and admitted the money and the statement into evidence.

Following denial of the motion, the accused entered a plea of not guilty to the charge of larceny but guilty of the lesser included offense of wrongful appropriation. At the outset of the inquiry by the military judge to deter-

592

mine whether Johnson's plea of guilty of wrongful appropriation was provident (United States v Care, 18 USCMA 535, 40 CMR 247 (1969)), the judge informed the accused that by his plea he admitted his

"... guilt of having committed all the elements of wrongful appropriation. This relieves the prosecution of the burden of proving those elements. The prosecution then has to go ahead and prove the one additional element that you had intended to permanently deprive the alleged owner, Bryant, of the sum of eighty-seven dollars."

After explaining the elements of wrongful appropriation to the accused, he asked him to relate the circumstances surrounding the taking. The accused replied:

"On the morning of the 21st. of February, I walked in Bryant's cube because I had duty driver and the heating element in his cube worked and mine didn't. Our cubes are right next door. I walked by Bryant's locker, it was hanging wide open; the door was open and his bill fold was laying on a shelf and I picked it up and I removed the money."

Johnson acknowledged that he did not have permission to take the money. Upon returning to his cubicle, he "felt scared" and decided to return the money but could not "because he [Bryant] was in his rack. . . . I was either going to put it under his pillow or back in his locker." The accused replied in the affirmative when asked whether he was pleading guilty because he was in fact guilty.

The record reflects that the military judge's inquiry and advice to the accused fully complied with the requirements of United States v Care, supra, with regard to pleas of guilty. In addition, just prior to acceptance of the plea, he again informed the accused that by his plea he relieved the prosecution of the burden of proving all of the elements of the offense of larceny except that which related to the intent to *permanently* deprive the owner of

the property. The accused acknowledged that he understood and that he had no questions.

The accused does not now and has never contended that he did not take the money. He does not dispute the voluntariness of his plea and there is nothing in the record to cast doubt upon its providential nature. In point of fact, after finding the accused guilty of larceny, the military judge, before hearing evidence on sentence, asked the accused if he desired to reconsider his plea of guilty to wrongful appropriation. The accused replied in the negative. The only assertion of the defense is that the search was illegal, that the evidence obtained thereby was inadmissible, and that the military judge erred in his ruling on the motion to suppress.

We hold that in view of the accused's plea of guilty, which conclusively established the wrongful taking, there is no reason to review the military judge's ruling on the legality of the search which lead to the discovery of the money.

United States v Hamil, 15 USCMA 110, 35 CMR 82 (1964), is directly in point. Charged with larceny of a razor, Hamil contended that the evidence was obtained in an illegal search and, hence, inadmissible. After defense counsel's motion to suppress the evidence was denied, Hamil pleaded not guilty as charged but guilty of the lesser included offense of wrongful appropriation. The plea was accepted by the law officer following his inquiry of the accused as to the providence of the plea. In affirming Hamil's conviction, we said at pages 111 and 112:

"A voluntary and informed plea of guilty does not necessarily preclude appellate review of the denial of the constitutionally protected right of an accused. See Shelton v United States, 292 F2d 346, 347 (CA 7th Cir) (1961), cert den, 369 US 877, 8 L Ed 2d 280, 82 S Ct 1149 (1962). This Court, for example, has held that, notwithstanding a plea of guilty, the accused is entitled to review of a ruling denying his motion to dis-

**593**

miss the charges for an alleged deprivation of his right to a speedy trial. United States v Davis, 11 USCMA 410, 29 CMR 226 [1960]. Vindication of that constitutional right is unrelated to the admissions of fact contained in the plea, and, therefore, can present an independent justiciable issue. However, the right to be free from unreasonable search and seizure is not judicially recognized as a mere abstract principle, but is vindicated by keeping out of evidence the results of the search or seizure. If a fact is judicially admitted by the accused, no legal or practical purpose can be served by reviewing the propriety of the search which produced some evidence of the conceded fact.

"Here, the accused's plea of guilty conclusively established the fact that he wrongfully took the razor from the owner; there was no need to introduce evidence on the point. Johnston v United States, 254 F2d 239 (CA 8th Cir) (1958); see also United States v Thompson, 11 USCMA 5, 28 CMR 229 [1959]; United States v Cruz, 10 USCMA 458, 28 CMR 24 [1959]. If there is no legal necessity for the introduction of any evidence whatever, it can hardly be said that admitting some improper evidence on the matter is detrimental to the accused. A number of Federal courts have held that the use of evidence obtained in violation of accused's right is not prejudicial where there is a valid plea of guilty. See Armpriester v United States, 256 F2d 294 (CA 4th Cir) (1958), cert den, 358 US 856, 3 L Ed 2d 90, 79 S Ct 88 (1958); Warren v United States, 232 F2d 629 (CA 5th Cir) (1956); United States v Salzano, 138 F Supp 72 (SD NY) (1956), affirmed, 241 F2d 849 (CA 2d Cir) (1957). We have applied the same principle to an accused who judicially admitted the essential facts, not by way of a plea of guilty, but in his voluntary testimony on the merits. In United States v Woodruff, 11 USCMA 268, 29 CMR 84 [1960], the accused, as the accused here, unsuccessfully objected to the admission into evidence of items seized in the course of a search which he contended was illegal, and to the admissibility of a pretrial statement which he maintained was the product of the search. Thereafter, he testified on the merits. In his testimony, he admitted the stolen articles were in his possession. However, he contended he did not know how they got there. Considering the effect of the accused's testimony on the accused's right to review the correctness of the rulings on the legality of the search and the admissibility of the pretrial statement, we said:

'. . . (The accused) may not now be heard to complain that the court-martial considered against him the inferences to be drawn from *his own freely given testimony concerning the fruits of the searches.*' (Emphasis supplied.) (United States v Woodruff, supra, at page 270.)

"The Government could have rested on the accused's plea of guilty to establish beyond all doubt the fact that he had wrongfully taken the electric razor. Assuming the evidence it introduced was inadmissible, that circumstance in no way detracted from the conclusiveness of the admissions of fact inherent in the plea of guilty."

The rationale of *Hamil* is equally applicable here. When Johnson pleaded guilty to wrongful appropriation he admitted the taking of the money without permission and relieved the Government of its burden of proving this element. Under these circumstances, the admission in evidence of the $87.00 was immaterial to the guilt of the accused. "Assuming the evidence it introduced was inadmissible, that circumstance in no way detracted from the conclusiveness of the admissions of fact inherent in the plea of guilty." United States v Hamil, supra, at page 112.

The decision of the Court of Military Review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.