UNITED STATES, Appellee

v

JERRY D. DUSENBERRY, Specialist Five, U. S. Army, Appellant

No. 28,013

January 24, 1975

*Captain Robert C. Mueller* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Colonel. Victor A. DeFiori,* and *Major Franklin D. Arness.*

*Captain Robert L. Powell* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Robert C. Roth, Jr.* and *Captain Joel M. Martel.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

The accused stands convicted by a general court-martial convened at Fort Riley, Kansas, of three specifications of disobeying Army Regulation 600-50 by possessing various prohibited drugs in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892. In exchange for the appellant's pleas of guilty to those offenses, which were entered pursuant to the terms of a pretrial agreement, the convening authority, in addition to stipulating that he would approve no sentence greater than that provided, also agreed that two other specifications under this same charge alleging the sale of certain prohibited substances would be dismissed. After the military judge accepted and found the accused guilty in accordance with his pleas, the sentencing portion of the trial was heard before a court composed of both officers and enlisted members, who adjudged a sentence to a bad-conduct discharge, confinement at hard labor for 4 months, partial forfeitures, and reduction to pay grade E-1. With no modification or reduction of the sentence necessary under the terms of the pretrial agreement, the convening authority approved the findings and sentence. Following summary affirmance by the U. S. Army Court· of Military Review, we granted the appellant's petition for grant of review to consider the somewhat interrelated questions posed by this case involving the providency of the appellant's pleas of guilty and the effect of those pleas upon the military judge's denial of an earlier defense motion to suppress certain evidence.

At an Article 39(a) session conducted prior to the entry of his pleas of guilty,

the appellant, through his appointed trial defense counsel, made several preliminary motions. These included a motion to dismiss all specifications of the charge for a lack of speedy trial, a further motion to dismiss based upon the denial of bail, and a motion for appropriate relief predicated upon the systematic exclusion of lower-ranking enlisted members from the court panel which was about to hear his case. After each of these motions had in turn been denied, the defense also made a motion for appropriate relief to suppress both a pretrial statement obtained by government agents and certain items of physical evidence seized during a subsequent search which stemmed· from information obtained in that statement.

Immediately after the military judge denied that motion, however, the court took a short recess. When the court later reconvened, trial defense counsel excepted to the military judge's denial of the suppression motion but then indicated that the defense had no further motions to be made. He then announced that the appellant, in accordance with a pretrial agreement, pleaded guilty to the three specifications alleging the wrongful possession of prohibited drugs and that the convening authority, in accordance with that agreement, had further agreed to drop the two remaining specifications alleging the sale of drugs. Following the entry of those pleas, the military judge engaged the trial defense counsel in the following colloquy:

> MJ: . . . Now, have you carefully considered what motions you will waive when you plead guilty?
>
> DC: Yes, Your Honor.
>
> MJ: What have you come up with?
>
> DC: We waive any motions as to objections to questions which do not

amount to either jurisdiction or procedural due process.

By separately referring to each of the motions as earlier made by the defense, the military judge thereafter ascertained from trial defense counsel his understanding of whether the matter so raised by that particular motion was preserved or waived for the purposes of appeal in view of the appellant's proposed plea of guilty. When he specifically directed trial defense counsel's attention to the motion to suppress, counsel stated, "We believe we waive anything that would have to do with legal questions as to suppression of that evidence." After further discussion by the military judge and trial defense counsel as to which of the various defense motions were now waived by the appellant's plea of guilty, the military judge further explained:

MJ: The reason I'm going into this, I want to be sure that you have explained to the accused what the effect of his guilty plea is—
DC: Yes, Your Honor, we have.

MJ: —and that he is not misled by you, and that when he pleads guilty, he waives a great many of these things that you have been fussing about here this morning.
DC: We understand that, Your Honor. As we have stated, under the Court of Military Appeals cases, we waive those things other than questions of jurisdiction of the court or due process as far as the individual is concerned in bringing the man to trial.

The military judge thereafter proceeded to advise the appellant that he had a perfect legal and moral right to plead not guilty to all of the offenses and that, if he did so, the burden would then be on the Government to prove his guilt by legal and competent evidence. On the other hand, the military judge explained to the appellant that a "plea of guilty is equivalent to conviction," that "it's an admission of all the elements involved in the charges and specifications," and that "it's the strongest form of proof known to the law."

After further advising the appellant and receiving his assurance that he completely understood that he waived certain important rights when he pleaded guilty—namely the right against self-incrimination, the right to a trial of the facts by the court, and the right to be confronted by and cross-examine the witnesses against him—the military judge fully explained each of the elements of violating Army Regulation 600-50 by the possession of various prohibited substances. When the military judge asked the appellant to relate the circumstances of that possession, he replied, "I had all three of these different type drugs in my possession at my house, in two different butter dishes in my house. . . . Sitting on the edge of the end table by my couch." Under continued questioning by the military judge, the appellant thereafter verified the type and amount of the drugs as listed in each specification and admitted that his possession was both wrongful and in violation of the applicable regulation.

As so reflected by this record, the military judge's inquiry and advice to the appellant fully complied with the requirements established by this Court in *United States v Care,* 18 USCMA 535, 40 CMR 247 (1969). But before accepting the appellant's pleas, moreover, the military judge assured himself that the appellant was pleading guilty voluntarily and of his own free will. He further asked the appellant and received his assurance that he had discussed in detail with his appointed defense counsel everything about this case, including all possible defenses that he could possibly raise. After further advising the appellant of the maximum punishment imposable on the basis of his finding that the three specifications in question were multiplicious for the purposes of punishment, the military judge also inquired about the pretrial agreement. Only after he ascertained that the appellant fully understood all provisions as contained in the pretrial agreement and that he still desired to plead guilty because he felt in his own mind that he was guilty did the military judge finally accept those pleas.

 In military law as well as in federal criminal practice, a voluntary and informed plea of guilty is ordinarily held to waive an appellant's right to challenge on appeal the propriety of a judge's ruling admitting evidence the Gov-

ernment may have illegally obtained.[1] The reason generally given for this rule is that no legal or practical purpose can be served by reviewing the propriety of allegedly illegal police conduct which only produces some evidence of a fact now conclusively established and judicially admitted by an accused in his plea of guilty.

■ Counsel for the appellant now argue that his pleas of guilty should not be found provident, however, because the military judge neither personally advised the appellant during the providence inquiry that his earlier suppression motion would be waived by his pleas nor ascertained the appellant's understanding of the same. Although it is true that the military judge did not personally and directly advise the appellant in this regard, the record nonetheless makes it abundantly clear that the military judge expressly asked and received the assurance of the appellant's defense counsel that he had fully explained to the appellant those issues which were earlier raised by motion that would now be waived by the guilty plea. Later in the inquiry, moreover, the military judge personally asked the appellant whether he had, in fact, discussed with his counsel in detail everything about this case including all possible defenses. The appellant's affirmative response to that question, especially in view of his counsel's earlier statement, which was made in appellant's presence in open court during the providence inquiry to the effect that he was well aware that the appellant's pleas waived anything that had to do with legal questions as to the suppression of that evidence, convinces us that the appellant was personally aware of such waiver. On the basis of this record, we thus conclude that the inquiry of the military judge in this regard was sufficient and that the appellant's plea is not improvident for lack of understanding as to waiver of this issue.

On three separate additional grounds, moreover, counsel for the appellant now urge us to decline to invoke the general principles of waiver and determine the merits of his assigned error predicated upon the suppression motion. They first submit that the appellant's pleas of guilty, which they allege to be the direct result or product of the judge's erroneous ruling, did not waive errors constituting due process of law. Secondly, counsel assert that there was no knowing, conscious or intelligent waiver of his right to appellate review of the suppression issues and that such cannot be presumed from a silent record. In view of the further fact that the issue was fully litigated at trial and that all of the facts necessary for an appellant's determination are present in the existing record, appellate defense counsel lastly contend that the only policy reason for applying waiver is not here present.

The extent to which appellate review of the denial of an accused's constitutionally protected rights are waived by a later voluntary and informed plea of guilty has been considered by this Court on several occasions. As we observed in *United States v Hamil, supra,* certain deprivations of constitutional rights, which present independent justiciable issues completely unrelated to issues of fact contained in a guilty plea, are not waived. A classic example of such a nonwaivable right in military jurisprudence is reflected by this Court's holding that an accused is entitled to appellate review of a judge's ruling denying his motion to dismiss the charges for lack of speedy trial.[2] In *United States v Lopez,* 20 USCMA 76, 78, 42 CMR 268, 270 (1970), moreover, we also held that an accused's voluntary plea of guilty on the advice of counsel "waives all nonjurisdictional defects in all earlier stages of the proceeding against an accused."

While we reaffirmed the general principle in *United States v Stewart,* 20 USCMA 272, 274, 43 CMR 112, 114 (1971) that a guilty plea does not necessarily preclude appellate review of the denial of an accused's constitutional

---

[1] *See, e.g.,* United States v Johnson, 20 USCMA 592, 44 CMR 22 (1971); United States v Hamil, 15 USCMA 110, 35 CMR 82 (1964); and federal cases cited therein in both.

[2] United States v Davis, 11 USCMA 410, 29 CMR 226 (1960); United States v Brown, 10 USCMA 498, 28 CMR 64 (1959).

rights but that "the rights that are not so waived must be unrelated to the admissions of fact contained in the guilty plea," we declined to invoke waiver in that instance. Under the facts of that particular case, the record made it obvious that the counsel for the accused had recommended the guilty plea only because of his understanding that he would not waive appellate review of his motion on the denial of a conscientious objector claim. Since some of the trial judge's comments supported this erroneous impression by civilian defense counsel, we held that the accused's guilty plea did not waive his claim and we proceeded to consider it on the merits.

In the case at bar, however, we find nothing in the comments of either the appellant's counsel or the military judge that indicates an erroneous belief that matters raised by the suppression motion would be preserved. Indeed, defense counsel's direct statements in this regard, which were prompted by the thorough inquiry here employed by the military judge, expressly indicate that the pleas of guilty waived "anything that would have to do with legal questions as to suppression of that evidence."

The appellant's responses during the providence inquiry conclusively establish by judicial admission the requisite fact that he possessed each of the respective prohibited substances as alleged in the three specifications here in issue. That being the case, we find "no reason to review the military judge's ruling on the legality of the search" which led to the discovery of those drugs. *United States v Johnson, supra* at 593, 42 CMR at 23. Having previously determined that the record conclusively demonstrates the appellant's personal awareness of the fact that his pleas of guilty would waive any legal issues with respect to his admission of factual matters that might otherwise have been provable by the evidence he earlier sought to suppress, we likewise have no difficulty in concluding that the appellant made a knowing, conscious and intelligent waiver of his right to appellate review of those issues. Although we recognize that the judge's ruling denying

the suppression motion placed the accused in the predicament of having to determine whether to plead not guilty and preserve his claim of illegal police conduct or to plead guilty and receive the benefit of his pretrial agreement, we do not believe that such a ruling, even if erroneous, was sufficient to render his plea involuntary or to deprive him of due process of law. Any accused facing trial must ultimately face the same decision of whether to put the Government to the test of proving his guilt beyond a reasonable doubt by legal and competent evidence or to factually admit guilt by a plea of guilty and receive the benefit of a possible pretrial agreement. The mere fact that an accused chooses the latter course and thus waives both his right to a trial of the facts and any corresponding right to appellate review of any issues that may have been raised in that proceeding does not mean that the plea of guilty was involuntary. Unless an accused can allege and prove serious derelictions on the part of his counsel sufficient to show that his plea was not a knowing and intelligent act, he is bound by either his own or his attorney's assessment of the law and facts when he admits his guilt by his plea. *McMann v Richardson,* 397 US 759 (1970).

Under our decision in *United States v Care, supra,* a guilty plea is deemed voluntary only where there exists a clear showing on the record that an accused has personally, freely, and factually admitted his guilt to each element of the offense with a clear understanding of the law in relation thereto. To this extent, we have additionally required that a military judge not only specifically advise an accused of his right against self-incrimination, his right to a trial of the facts by the court and his right to be confronted by the witnesses against him, but also that he make a finding that the accused has made a knowing, intelligent, and conscious waiver of those rights before accepting the plea. In the case at bar, not only was there full compliance with those requirements but the appellant affirmatively responded under additional questioning from the judge that he was pleading guilty voluntarily, of his own free will, and that no one had made

any threat against him or tried to force or coerce him to plead guilty. These factors, coupled with the appellant's further assurances of record that he believed his pleas of guilty were in his own best interest, disclose that his pleas were indeed truly voluntary and we accordingly hold that he is now bound by them.

The decision of the U. S. Army Court of Military Review is affirmed.

Judges QUINN and COOK concur.