## UNITED STATES

v.

**Airman Christopher BOSCO, FR 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, 319th Field Maintenance Squadron, Fifteenth Air Force (SAC).**

### ACM S24385.

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Feb. 1976.

Decided 27 Aug. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

---

## DECISION

EARLY, Senior Judge:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of possessing marijuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for three months and reduction to airman basic.[1]

As their sole assigned error, appellate defense counsel assert:

### ACCUSED'S GUILTY PLEA WAS IMPROVIDENT.

At trial, during a thorough and searching Care[2] inquiry, the accused admitted knowingly possessing marijuana as alleged in the specification. After properly informing him of his right to plead not guilty, the military judge accepted his pleas of guilty. Now appellate defense counsel contend that, because of the decision in United States v. Thomas, 24 U.S.C.M.A. 228, 51 C.M.R. 607, 1 M.J. 397 (1976), the parties to the trial were operating under a "gross misapprehension of a constitutional principle of law", and, hence, "there was no knowing, intelligent or conscious waiver by the accused of his right against self-incrimination, his right to trial by court-martial, and his right to be confronted by witnesses against him." We disagree.

■ We need not decide the effect of United States v. Thomas on the instant case since by his plea of guilty, providently entered, the accused has foreclosed any such inquiry.[3] As was held in United States v. Dusenberry, 23 U.S.C.M.A. 287, 49 C.M.R. 536, 538–9 (1975):

In military law as well as in federal criminal practice, a voluntary and informed plea of guilty is ordinarily held to waive an appellant's right to challenge on appeal the propriety of a judge's ruling admitting evidence the Government may have illegally obtained. The reason generally given for this rule is that no legal or practical purpose can be served by reviewing the propriety of allegedly illegal police conduct which only produces some evidence of a fact now conclusively established and judicially admitted by an accused in his plea of guilty. (Footnote omitted.)

See also United States v. Johnson, 20 U.S.C.M.A. 592, 44 C.M.R. 22 (1971).

The reason for this rule is apparent; had the accused chosen to litigate this issue at trial, evidence might have been available to establish the reasonableness of the search which produced the evidence. United States v. Hendrix, 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972); see also, United States v. Roberts, 50 C.M.R. 699 (A.F.C.M.R.1975). Here that is impossible since the only evidence concerning the search is a stipulation of testimony of the accused's commander which relates only to the finding of the marijuana and does not give complete details as to the reasons for conducting the search. Cf. United States v. Dupree, 1 U.S.C.M.A. 665, 5 C.M.R. 93 (1952); United States v. Roberts, supra.

■ Nor do subsequent changes in case law in any way impugn the voluntariness of his plea. As was held in United States v. Dusenberry, supra, at 540:

Unless an accused can allege and prove serious derelictions on the part of his counsel sufficient to show that his plea [of guilty] was not a knowing and intelligent act, he is bound by either his own or his attorney's assessment of the law and

---

1. The bad conduct discharge was suspended on 23 July 1976 until 22 January 1977 with provision for automatic remission. The accused has been returned to duty.

2. United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

3. The Thomas case, like the instant case, involved the use of a marijuana-sniffing dog in a barracks search. There are, however, certain material differences in the factual backgrounds of the two cases. In any event, by virtue of our resolution of this issue, Thomas is not apposite here.

facts when he admits his guilt by his plea. *McMann v. Richardson,* 397 U.S. 759 [90 S.Ct. 1441, 25 L.Ed.2d 763] (1970).

See also *United States v. Zuis,* 49 C.M.R. 150 (A.C.M.R.1974).

Having chosen his plan for trial, the accused may not now complain of errors in that decision (if there were any).

The findings of guilty and the sentence are

Affirmed.

LeTARTE, Chief Judge, and FORAY, Judge, concur.