**UNITED STATES**

v.

**Airman First Class Richard L. SMITH, FR 522–78–3772, 36th Munitions Maintenance Squadron, United States Air Forces in Europe.**

**ACM 21975 (f. rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 Sept. 1975.

Decided 8 Oct. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

EARLY, Senior Judge:

Tried by general court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of two specifications of sale and one specification of transfer of heroin to other servicemen, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 14 months, forfeiture of all pay and allowances and reduction to the grade of airman basic.[1]

In our original, unpublished, decision in this case, dated 12 February 1976, we affirmed the findings and sentence. On 24 May 1976, the Court of Military Appeals vacated that decision and remanded the record to this Court with directions to hold further proceedings in abeyance pending disposition of the issues granted in *United States v. Jackson* and *United States v. Courtney*.[2] Those cases having been decided, this case is again before us for decision.

In *Courtney*, supra, the Court of Military Appeals held that in the absence of any standard for determining whether to charge a drug offense under Article 134, Code, supra, or under Article 92, where there is an applicable service regulation proscribing the conduct involved, the maximum sentence imposable is limited to that under Article 92 rather than Article 134.

In addition to *Courtney* and *Jackson*, we believe that the Order in *United States v.*

---

1. On 26 May 1976, the Commander, Lowry Technical Training Center, remitted all confinement at hard labor in excess of 12 months. The accused is presently on excess leave.

2. *Courtney* was decided by decision, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976), and *Jackson* by Order (2 July 1976).

*Graves* [order] (6 August 1976), is also apposite. In *Graves,* the accused pleaded guilty to six drug offenses charged under Article 134 and was advised that the maximum sentence to confinement was 60 years rather than 12 years had the offenses been charged under Article 92. The Court remanded the record for further consideration in light of the decisions in *Courtney,* supra, and *United States v. Harden,* 1 M.J. 258 (1976). In *Harden,* the Court held the accused's plea improvident where the trial participants and the convening authority erroneously considered the maximum penalty to be 20 years confinement at hard labor whereas, because of multiplicity, it should have been considered as 10 years.

Recently, in *United States v. De La Fuente,* 2 M.J. 668 (A.F.C.M.R. 16 September 1976), we found the accused's plea of guilty to wrongful possession of marijuana, in violation of Article 134, provident on two bases: the difference in the respective maximum punishments was not substantial, and, in any event, the accused had been correctly advised of the maximum punishment under the then existing law. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *United States v. Walter,* 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971). In a similar case, *United States v. Sasportas,* 2 M.J. 676 (A.F.C.M.R. 22 September 1976), where the difference between permissible maximum punishments was substantial, we found providency, nevertheless, where the record demonstrated that the defense was aware of the possible lesser punishment involved and, as in *De La Fuente,* the accused had been correctly advised of the then permissible maximum sentence.

Here, the record reveals no such additional circumstances as were present in *De La Fuente* or *Sasportas.* The difference in punishments between that perceived by the trial participants and that imposable under Article 92 was substantial, and there is no indication that the defense was aware a lesser punishment might someday be involved. Therefore, if the accused's pleas are to be found provident, it must be on the sole basis that he was properly advised of the then applicable maximum punishment. As indicated in *De La Fuente,* we find that the single circumstance that an accused was sentenced before the court's decision in *Courtney, supra,* is sufficient to establish the providency of his pleas so long as he was otherwise properly advised of the law existent at the time of his plea.

The language in *Brady v. United States,* supra, cited in both *De La Fuente* and *Sasportas* is particularly apposite here:

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. . . . A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentations or other impermissible conduct by state agents . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is· not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.
>
> The fact that *Brady* did not anticipate *United States v. Jackson,* [390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138] supra, does not impugn the truth or reliability of his plea. *We find no requirement in the*

Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply *because it later develops* that the State would have had a weaker case than the defendant had thought or *that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.*

397 U.S. at 756–7, 90 S.Ct. at 1473–1474. (Emphasis added.) See also *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States v. Dusenberry,* 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975); *United States v. Bosco,* 2 M.J. 658 (A.F.C.M.R. 27 August 1976).

We have examined carefully the providency inquiry conducted by the military judge and the other evidence of guilt and are satisfied that the accused's plea of guilty was voluntarily and intelligently made and that he is, in fact, guilty. The accused was correctly advised as to the maximum penalty prescribed by the law as it then existed, and there is no hint of Government misrepresentation or other impermissible conduct in this case. Accordingly, we find that the accused's guilty plea was providently made.

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.