## UNITED STATES

v.

**Private First Class Gary W. HARTZELL, 179–48–8244, U. S. Army, Headquarters and Headquarters Company, Southern European Task Force, APO New York 09168.**

### CM 435408.

U. S. Army Court of Military Review.

23 Feb. 1977.

---

CPT James Recasner, JAGC, CPT Demmon F. Canner, JAGC, LTC John R. Thornock, JAGC, COL Alton H. Harvey, JAGC, Appellate Counsel, for the Accused.

CPT Richard A. Cefola, JAGC, CPT John F. DePue, JAGC, COL Thomas H. Davis, JAGC, Appellate Counsel for the United States.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted in a trial by judge alone of three specifications of arson and one of attempted arson in violation of Articles 126 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 926 and 880. We are reviewing the case pursuant to Article 66, UCMJ.

■ The appellant maintains the military judge erred in refusing to rule on his motion to suppress a pretrial statement prior to entering a plea. We disagree.

■ The Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1969 (Revised edition), give broad discretion to the military judge in the conduct of a court-martial. There is no requirement, for example, as to when he must entertain motions or objections going to the admissibility of evidence. The appellant points to the provisions of paragraph 53d(1) and appendix 8a of the *Manual* which indicate that a normal matter to be considered at an Article 39(a) session is the admissibility of evidence, including a contested statement of the appellant. As the Government points out, however, that language is in discretionary terms. Equally significant is that those sections pertain only to cases involving trial by a court with members where the military judge must hear the evidence and rule on the motion outside the hearing of the members. There are no similar provisions in the sections pertaining to trial by judge alone.

The issue here is similar to that involved in a motion to suppress evidence from an alleged illegal search. Although the *Manual* does not authorize the judge to entertain a suppression motion (*see* paragraph 152) the Court of Military Appeals and the Courts of Military Review have approved such a procedure as being within the discretion of the military judge. *See United States v. Hamil,* 15 U.S.C.M.A. 710, 35 C.M.R. 82 (1964); *United States v. Mirabal,* 48 C.M.R. 803 (A.C.M.R.1974); *United States v. Patton,* 46 C.M.R. 1207 (N.C.M.R. 1973), *pet. denied,* 22 U.S.C.M.A. 624 (1973).

The courts have left it to the sound discretion of the military judge whether to hear the motion initially or to defer it until the evidence is offered, which would be after the pleas.

 Just as a plea of guilty following a ruling against an accused on an evidentiary question of admissibility waives further review of that ruling, so does a guilty plea prior to a ruling on the admissibility of evidence waive the trial judge's later consideration of that issue. To paraphrase the Court of Military Appeals in *Hamil*, there is no legal or practical purpose served by reviewing the admissibility of a confession when the accused comes into court and judicially admits the fact of his guilt.

A thorough providency inquiry was conducted in this case. The appellant was fully apprised of the impact of his plea and the options facing him. He chose to plead guilty and receive the benefit of his agreement. He cannot now complain about the results of his decision.

The findings of guilty and the sentence are affirmed.

Judge FELDER concurs.

Judge FULTON absent.