**UNITED STATES**

v.

**Airman Basic Carey J. JONES, FR434–35–3025, United States Air Force.**

**ACM S29344.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 18 Dec. 1996.

Decided 4 Dec. 1997.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt, Lieutenant Colonel Kim L. Sheffield, and Captain Margo Stone Newton.

Appellate Counsel for the United States: Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin, and Lieutenant Colonel Robert E. Williams, Jr.

Before PEARSON, MORGAN, and SPISAK, Appellate Military Judges.

## OPINION OF THE COURT

PEARSON, Senior Judge:

Appellant asks us to return his case for a new action because two attachments to the Staff Judge Advocate's Recommendation (SJAR) are missing from the record: the AF Form 1359, Report of Result of Trial, which summarized the court's findings and sentence, and the Personal Data Sheet, which summarized the appellant's military service and awards. *See* R.C.M. 1106.

Appellate government counsel argues that we should apply the presumption of regularity to conclude that the documents were actually attached to the SJAR when the convening authority reviewed it. In this regard, counsel points out that defense counsel did not object to any omission when served with the SJAR. *See United States v. Cook,* 31 M.J. 745 (A.C.M.R.1990) (presumption that staff judge advocate and defense counsel properly performed their post-trial duties absent evidence to the contrary).

Granted, at least one panel of this Court has applied the presumption of regularity to find that the convening authority actually reviewed a missing Report of Result of Trial and Personal Data Sheet when those documents came up missing on appellate review and defense counsel failed to object at the time. *United States v. McKinley,* ACM S29103 (A.F.Ct.Crim.App. Jun. 19, 1996). Unfortunately, our crystal ball is not so clear.

Under the presumption of regularity, we presume the government carried out its business affairs in accordance with applicable rules and regulations, absent evidence to the contrary—missing standard attachments looks like "evidence to the contrary" to us. Therefore, we decline to apply the presumption here to salvage the government's administrative oversight. The two attachments were either missing before the convening authority saw the SJAR or after the record was prepared for shipment—we won't speculate as to which occurred.

Government counsel also argues that appellant forfeited any error by failing to object to the SJAR or submit any post-trial clemency matters. *See* R.C.M. 1105(d)(1), 1106(f)(6). We decline to apply forfeiture or waiver since the SJAR copy served on defense counsel may, in fact, have had the two documents attached, if they did exist in the first place. In this regard, we note that appellate government counsel did not move to admit the two missing documents during the briefing process.

As for prejudice, the SJA summarized the offenses in the first paragraph of the SJAR. The Personal Data Sheet, which also appeared in the record as Prosecution Exhibit 4, reflected that appellant had a poor disciplinary record. Thus, one might say that the missing attachments to the SJAR didn't harm appellant at all, and a missing Personal Data Sheet may have even worked

to his advantage if the convening authority didn't see it.

However, we are concerned that this is but one in a recent rash of cases where standard SJAR attachments have come up missing on appeal. In the past, appellants have not raised the omissions as error and, except for one case, we have not found the omissions warranted relief on our own motion. *United States v. Walsh*, ACM S29196 (A.F.Ct.Crim. App. Aug. 29, 1996), *pet. denied*, 46 M.J. 425 (1997) (error in court-martial order and missing Report of Result of Trial and Personal Data Sheet). To stem the tide in these administrative missteps, we set aside the convening authority's action and direct a new post-trial review. *See United States v. Cook*, 46 M.J. 37, 40 (1997) (service court of criminal appeals has a supervisory role in the military justice system).

Judges MORGAN and SPISAK concur.