# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 25036 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Daniel J. DELOE**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary[1]

Decided 29 May 2026

———————————

*Military Judge*: Tiny L. Bowman.

*Sentence*: Sentence adjudged 17 December 2024 by SpCM convened at McConnell Air Force Base, Kansas. Sentence entered by military judge on 2 February 2025: 10 months confinement, reduction to E-1, and a reprimand.

*For Appellant*: Captain Joyclin N. Webster, USAF; Dwight H. Sullivan, Esquire.

*For Appellee*: Major Vanessa Bairos, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MCCALL, and KUBLER, *Appellate Military Judges*.

Senior Judge DOUGLAS delivered the opinion of the court,[2] in which Judge MCCALL and Judge KUBLER joined.

———————————

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A). *See Manual for Courts-Martial, United States* (2024 ed.).

[2] Ms. Gabriella Chaffin, an extern assigned to the court under the Air Force Internship/Externship Program and supervised by an attorney admitted to practice before this court, participated in the preparation of this opinion with Senior Judge Douglas.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

DOUGLAS, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas and pursuant to a plea agreement, of one specification of wrongful use of cocaine, on divers occasions, and one specification of wrongful distribution of cocaine, on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[3,4] The military judge sentenced Appellant to ten months confinement, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or the sentence and provided the language for the reprimand.

Appellant personally raises two issues on appeal, whether: (1) the fairness and appearance of fairness of Appellant's court-martial were compromised when his original trial defense counsel was reassigned as the supervisor of the trial counsel prosecuting the case; and (2) records of Appellant's electronic monetary transactions were seized in violation of his Fourth Amendment[5] rights. Appellant raises issues (1) and (2) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

On review, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

The basis for the convicted offenses in this case involves Appellant's actions between on or about 1 January 2021 and 31 March 2023. During this time, Appellant attended different social gatherings at or near the state of Kansas, where he used and distributed cocaine. Appellant first used cocaine when a friend provided it at her house. Then, most weekends between August 2022 and February 2023, Appellant hosted military members and civilians at his

---

[3] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[4] In exchange for Appellant's pleas of guilty to Specifications 3 and 4 of the Charge, Specification 2 of the Charge (wrongful use of methamphetamine) was withdrawn and dismissed without prejudice. Further, as to Specification 1 of the Charge (wrongful possession of marijuana), during the providence inquiry, the trial judge could not accept Appellant's plea, and so the convening authority also withdrew and dismissed this specification without prejudice.

[5] U.S. CONST. amend. IV.

shared residence. At these gatherings, Appellant and his guests would primarily use the cocaine in the residence's bathroom, bedrooms, and living room. Appellant and his roommate would purchase the cocaine from a local drug dealer using their own funds or money collected from party guests in advance. Appellant and his roommate would divide the cocaine into individual portions and distribute it to the guests. Appellant consumed the cocaine along with his guests.

Pursuant to his written plea agreement, Appellant agreed to "waive all waivable motions . . . ." During the plea agreement inquiry, the trial judge asked trial defense counsel which motions were not being made pursuant to this term. Trial defense counsel explained there were three motions that were contemplated or actually filed prior to trial. One of the motions, filed with the court, was a motion to suppress seized electronic monetary transaction records because the Government's notice was past the trial judge's scheduling date.

The trial judge asked Appellant if he understood this term of his plea agreement, to waive all waivable motions, as it related to the motion to suppress seized electronic monetary transaction records, as described by his counsel. Appellant agreed that he understood.

> [Trial Judge]: Senior Airman Deloe, did you freely and voluntarily agree to this term of your agreement in order to receive what you believe to be a beneficial agreement?
>
> [Appellant]: Yes, Your Honor.
>
>  . . . .
>
> [Trial Judge]: All right. Senior Airman Deloe, do you understand that if these motions were made and granted by me, then possible rulings could have been that those transactions document[s] would not be used against you . . . ? Did you understand that those [potential rulings] would be the outcome had you been able to go forward with those motions?
>
> [Appellant]: Yes, Your Honor.

## II. DISCUSSION

### A. Fairness of Appellant's Court-Martial

Appellant alleges that the fairness and appearance of fairness of his court-martial was compromised because his original trial defense counsel, Major (Maj) SS, was reassigned as a supervising attorney for the trial counsel who

prosecuted Appellant's case.[6] Specifically, in his declaration,[7] Appellant states that on or about July 2024 he entered into an attorney-client relationship with Maj SS. This attorney-client relationship consisted of discussions concerning the facts of the allegations against him. Appellant's attorney-client relationship with Maj SS was terminated when Maj SS received a new duty assignment in the same month, July 2024, as the deputy staff judge advocate for the 22d Air Refueling Wing, McConnell Air Force Base (AFB), Kansas. In this role, Appellant claims that Maj SS served as a supervisor to the trial counsel who prosecuted Appellant's case. Appellant was tried and sentenced on 17 December 2024, at McConnell AFB.

**1. Law**

"We review whether an appellant has waived an issue, a question of law, de novo." *United States v. Suarez*, 86 M.J. 65, 70 (C.A.A.F. 2025) (quoting *United States v. Givens*, 82 M.J. 211, 215 (C.A.A.F. 2022)). "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *Id.* (citing *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)). "However, [t]here is a presumption against the waiver of constitutional rights, and for a waiver to be effective it must be clearly established that there was an intentional relinquishment of a known right or privilege." *Id.* (alteration in original) (internal quotation marks omitted) (citing *United States v. Smith*, 85 M.J. 283, 287 (C.A.A.F. 2024)).

"When . . . an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *United States v. Suarez*, 86 M.J. 65, 70–71 (C.A.A.F. 2025) (omission in original) (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)).

Errors in defense counsel severance "can be evaluated under the standard formula for assessing prejudice against the defense, in which the defense must establish that the error produced material prejudice to the substantial rights of the accused." *United States v. Hutchins*, 69 M.J. 282, 292 (C.A.A.F. 2011) (citations omitted).

A defense counsel may be excused with the express consent of the accused. Rule for Courts-Martial 506(3)(c).

---

[6] We understand Appellant to be invoking some provision of either the Fifth Amendment, or the Sixth Amendment, albeit without specificity. U.S. CONST. amend. V, VI.

[7] On 28 January 2026, Appellant moved the court to attach a declaration. On 4 February 2026, the Government filed an opposition to Appellant's motion to attach his declaration. The court granted the motion on 5 February 2026, and we consider Appellant's declaration here for purposes of our Article 66, UCMJ, 10 U.S.C. § 866, review.

### 2. Analysis

On appeal, for the first time, Appellant alleges that "an appearance of divided loyalty arose when Appellant's former defense counsel became the trial counsel's supervisor," citing *United States v. Lee*, 66 M.J. 387, 389 (C.A.A.F. 2008) (quoting ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 1235 (1972)). Appellant proclaims "that a lawyer should have undivided loyalty to his client . . . . " We find Appellant waived this concern at trial.

During his trial, neither Appellant nor his trial defense counsel mentioned Appellant's prior relationship with Maj SS, which we have no reason to doubt existed as Appellant declares. Instead, Appellant was represented at his trial by two military defense counsel. He elected to be represented by them, and by them alone. Throughout his trial, he indicated he was satisfied with his defense counsel. On appeal, he does not allege ineffective assistance from his trial defense counsel.

If Maj SS, his former defense counsel, transitioned to be the deputy staff judge advocate at McConnell AFB, we agree with Appellant that she would logically have a supervisory role over the prosecutors in Appellant's trial. However, we have no evidence, or reason, to impugn Maj SS or her compliance with her rules of professional responsibility with respect to conflicts of interest and loyalty to a former client. There is no indication that she actively supervised the prosecutors in Appellant's case for the purpose of preparing his court-martial. Nor do we have any evidence she may have used any information from her confidential communications with Appellant to help develop the prosecutors' case against Appellant. Rather, we apply a presumption of regularity to her actions as a former defense counsel. "Under the presumption of regularity, we presume the [G]overnment carried out its business affairs in accordance with applicable rules and regulations, absent evidence to the contrary . . . ." *United States v. Jones*, 47 M.J. 725, 726 (A.F. Ct. Crim. App. 1997). With no evidence to the contrary, we presume Appellant consented to the excusal of Maj SS, that she comported with her rules of professional responsibility, and that she determined herself conflicted from helping the prosecutors prepare their case against Appellant.

Here, even if we were not to find waiver of this issue, we do not find prejudice to Appellant. If there was error in the severance of Maj SS, the Defense has not established that this error produced a material prejudice to the substantial rights of Appellant. *Hutchins*, 69 M.J. at 292.

### B. Violation of Appellant's Fourth Amendment Rights

On appeal, Appellant asserts that his Fourth Amendment rights were violated during the Government's investigation of the offenses against him. He claims that Air Force Office of Special Investigations (OSI) agents falsely

accused him of being a domestic terrorist to obtain records of Appellant's Cash App account[8] pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.* At trial, Appellant's trial defense counsel filed a motion to suppress transaction documents due to the Government's late notice and failure to include a certification by a records custodian. However, this motion was later waived pursuant to the "waive all waivable motions" term of Appellant's plea agreement.

### 1. Law

The same law from section II.A.1 above applies here.

"An unconditional guilty plea generally waives all pretrial and trial defects that are not jurisdictional or a deprivation of due process of law.*" Suarez*, 86 M.J. at 71 (quoting *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011)).

"[T]he right to be free from unreasonable search and seizure is not judicially recognized as a mere abstract principle, but is vindicated by keeping out of evidence the results of the search or seizure." *United States v. Hamil*, 35 C.M.R. 82, 83 (C.M.A. 1964). "If a fact is judicially admitted by the accused, no legal or practical purpose can be served by reviewing the propriety of the search which produced some evidence of the conceded fact." *Id.*

"If there is no legal necessity for the introduction of any evidence whatever, it can hardly be said that admitting some improper evidence on the matter is detrimental to the accused." *Id.*

### 2. Analysis

Prior to trial, Appellant's trial defense counsel filed a motion to suppress evidence of electronic monetary transactions. Appellant knowingly and voluntarily waived this motion at trial. *See Suarez*, 86 M.J. at 70. Further, Appellant admitted during his guilty plea inquiry that he and his roommate "would gather funds from the other individuals and then go get them — get the cocaine from [NM]." As such, this claim is extinguished because it is waived. *See id.* at 70–71. And no purpose can be served by reviewing the propriety of the search which produced evidence of Appellant's concession that he procured funds from his friends to purchase cocaine. *See Hamil*, 35 C.M.R. at 83.

## III. CONCLUSION

The findings as entered are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d), *Manual for Courts-Martial, United States* (2024 ed.) (2024 *MCM*). In

---

[8] A Cash Application account is a digital wallet that allows users to send, receive, and save money, along with other capabilities.

addition, the sentence as entered is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court